John Fabricius
2615 E. Greenway Rd. #27
Phoenix, AZ 85032
johnfabriciusiii@gmail.com
(602) 527-3742
Plaintiff Pro Se

FILED / LODGED / RECEIVED / COPY — JAN 1 4 2026 — CLERK U S DISTRICT COURT DISTRICT OF ARIZONA — BY ___ DEPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN A. FABRICIUS, <br><br> Plaintiff, <br><br> v. <br><br> DREAM.ORG <br><br> Defendant. | Case No. **CV26-00211-PHX-DJH** <br><br> **COMPLAINT FOR:** <br><br> (1) FLSA OVERTIME VIOLATIONS (WILLFUL) <br> 29 USC § 207 <br><br> (2) ARIZONA WAGE ACT VIOLATIONS <br> ARS § 23-355 <br><br> (Jury Trial Demanded) |

## INTRODUCTION

1. This is a civil action for unpaid overtime wages, liquidated damages, and related relief arising from Defendant Dream.Org's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the Arizona Wage Act.

2. Plaintiff was employed by Defendant from April 12, 2022, through July 24, 2024. Throughout his employment, Defendant misclassified Plaintiff as an "exempt" employee to avoid paying overtime premiums, despite Plaintiff performing non-exempt, production-based work under strict supervision.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1337 (commerce regulations). The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff worked in Arizona and a substantial part of the events giving rise to these claims occurred in this District.

## PARTIES

5. Plaintiff John A. Fabricius is an individual residing in Phoenix, Arizona.

6. Defendant Dream.Org is a California nonprofit corporation with its principal place of business in Oakland, California, and was Plaintiff's employer within the meaning of the FLSA and Arizona law.

## FACTUAL ALLEGATIONS

**The Misclassification of Plaintiff's Duties**

7. Plaintiff was hired as a "Digital Campaigner" and classified by Defendant as exempt from overtime. Plaintiff also held the title of "Arizona State Campaign Lead" beginning in or around October 2022.

8. Despite these titles, Plaintiff's actual primary duties were manual and production-based, consisting of executing tactics dictated by management rather than formulating independent strategy. Plaintiff's production duties included: a. Creating content for emails, mobile broadcasts, and letters to the editor; b. Facilitating classes and running data reports; and c. Executing mobilization tactics required by the Engagement and Justice Departments.

9. Plaintiff did not exercise independent discretion with respect to matters of significance, nor did he possess authority to make independent policy decisions.

Specifically:

    a. Strict Content Control: All content created by Plaintiff was required to meet strict "person-first" language requirements and adhere to rigid strructure.

    b. Lack of Final Authority: Plaintiff had no final authority to release content or bind the company. Plaintiff's woprk product was subject to review and approval by two to three levels of supervision.

    c. Support Role: In his capacity as "Campaign Lead," Plaintiff functioned in a support role to the Empathy Network leader advocate, rather than as an independent executive or administrator.

**Defendant's Knowledge of Overtime Work**

10. Plaintiff reported to two supervisors: Elizebeth (Liz) Solorio (Engagement) and Amanda Hall (Justice).

11. Beginning on or about January 8, 2023, Plaintiff routinely worked approximately sixty (60) hours per week. During campaign weeks, multi-day advocacy events, and required travel, Plaintiff routinely worked in excess of eighty (80) hours per week.

12. Defendant had actual knowledge of Plaintiff's long hours. Defendant required Plaintiff to utilize Slack, email, and Asana project management software, which created a digital timestamp record of Plaintiff's work during nights and weekends.

13. Despite knowing Plaintiff was working massive amounts of overtime to meet production goals, Defendant took no steps to pay overtime or relieve the workload, instead assigning additional duties without additional compensation or relief.

**COUNT I** (Willful Violation of the FLSA – 29 U.S.C. § 207)

14. Plaintiff incorporates by reference all preceding paragraphs.

15. Defendant is an enterprise engaged in commerce or in the production of goods for commerce under 29 U.S.C. § 203(s)(1).

16. At all relevant times, Plaintiff was an "employee" engaged in commerce or in the production of goods for commerce.

17. Defendant failed to pay Plaintiff overtime compensation at a rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) in a workweek, in violation of 29 U.S.C. § 207.

18. Willfulness: Defendant's violation of the FLSA was willful. Defendant knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA. Defendant monitored Plaintiff's work hours via digital platforms yet persisted in classifying him as exempt despite his lack of managerial authority and lack of independent discretion.

19. As a result of Defendant's willful violations, Plaintiff has suffered damages in the form of unpaid overtime wages. Plaintiff is entitled to recover these unpaid wages, an equal amount as liquidated damages, and reasonable attorneys' fees and costs under 29 U.S.C. § 216(b).

**COUNT II** (Arizona Wage Act – A.R.S. § 23-355)

20. Plaintiff incorporates by reference all preceding paragraphs.

21. Under the Arizona Wage Act, "wages" includes nondiscretionary compensation due to an employee in return for labor or services.

22. Defendant failed to pay Plaintiff wages due (specifically, overtime compensation) within the timeframes required by Arizona law.

4

23. Defendant's failure to pay these wages was not the result of a good-faith dispute or a reasonable clerical error. Defendant knowingly accepted the benefit of Plaintiff's overtime labor while refusing to compensate him for it.

24. Pursuant to A.R.S. § 23-355, Plaintiff is entitled to recover an amount equal to three times the unpaid wages (treble damages).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A. For unpaid overtime wages pursuant to the FLSA and Arizona law;

B. For liquidated damages equal to the amount of unpaid overtime wages pursuant to 29 U.S.C. § 216(b);

C. For treble damages pursuant to A.R.S. § 23-355 (pleaded in the alternative to FLSA liquidated damages where applicable);

D. For pre-judgment and post-judgment interest as allowed by law;

E. For costs of suit incurred herein; and

F. For such other and further relief as the Court deems just and proper.

DATED this 14th day of January 2026.

Respectfully submitted,

_____
John A. Fabricius Plaintiff, pro se
2615 E. Greenway Rd. #27
Phoenix, AZ 85032
(602) 527-3742
johnfabriciusiii@gmail.com

5

**VERIFICATION**

I verify under penalty of perjury that the foregoing is true and correct. Executed on January 14, 2026.

_____
John A. Fabricius - Declarant
Executed in Maricopa County, AZ