MICHAEL R. AYERS, ESQ.
Arizona Bar No. 024318
CHRISTOPHER LUND, ESQ.
Arizona Bar No. 040554
GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Suite 1550
Las Vegas, Nevada 89101
Telephone: (702) 577-9300
Facsimile: (702) 255-2858
Email: mayers@grsm.com
       tlund@grsm.com

*Attorneys for Defendant*
*DREAM.ORG*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| John A. Fabricius, II, | Case No.: CV26-00211-PHX-DJH |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT DREAM.ORG'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| DREAM.ORG, | |
| Defendant. | |

Defendant, DREAM.ORG ("this answer Defendant"), by and through its counsel of record, Michael R. Ayers, Esq., and Christopher Lund, Esq., of GORDON REES SCULLY MANSUKHANI, LLP hereby responds to Plaintiff JOHN A. FABRICIUS, II'S ("Plaintiff") Complaint as follows:

**INTRODUCTION**

1.    Answering Paragraph 1 of Plaintiff's Complaint, this answering Defendant denies the allegations and legal conclusions contained therein.

2.    Answering Paragraph 2 of Plaintiff's Complaint, this answering Defendant admits Plaintiff was employed by Defendant but denies all remaining allegations and legal conclusions.

**JURISDICTION AND VENUE**

3.    Answering Paragraph 3 of Plaintiff's Complaint, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and

-1-

legal conclusions contained in this paragraph and, therefore, denies the same.

4. Answering Paragraph 4 of Plaintiff's Complaint, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions contained in this paragraph and, therefore, denies the same.

**PARTIES**

5. Answering Paragraph 5 of Plaintiff's Complaint, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions contained in this paragraph and, therefore, denies the same.

6. Answering Paragraph 6 of Plaintiff's Complaint, this answering Defendant admits it is a California nonprofit corporation with its principal place of business in Oakland, CA, admits it employed Plaintiff for a time, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and legal conclusions contained in this paragraph and, therefore, denies the same.

**FACTUAL ALLEGATIONS**

7. Answering Paragraph 7 of Plaintiff's Complaint, this answering Defendant admits Plaintiff was hired as an exempt "Digital Campaigner", Plaintiff held a volunteer position of Arizona State Campaign Lead, but denies all remaining allegations.

8. Answering Paragraph 8 of Plaintiff's Complaint, this answering Defendant admits Plaintiff was required to perform various tasks as part of his job, but denies Plaintiff's characterization of his job duties, and denies all remaining allegations.

9. Answering Paragraph 9 of Plaintiff's Complaint, as written, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions contained in this paragraph and, therefore, denies the same.

**Defendant's Knowledge of Overtime Work**

10. Answering Paragraph 10 of Plaintiff's Complaint, this answering Defendant admits the allegations.

11. Answering Paragraph 11 of Plaintiff's Complaint, this answering Defendant denies the allegations.

**GORDON REES SCULLY MANSUKHANI, LLP**
300 South Fourth Street, Suite 1550
Las Vegas, NV 89101

12.    Answering Paragraph 12 of Plaintiff's Complaint, this answering Defendant denies the allegations.

13.    Answering Paragraph 13 of Plaintiff's Complaint, this answering Defendant denies the allegations.

**COUNT I (Willful Violation of the FLSA – 29 U.S.C. § 207)**

14.    Answering Paragraph 14 of Count I of Plaintiff's Complaint, this answering Defendant re-alleges, and incorporates herein by reference, its responses to all previous paragraphs of Plaintiff's Complaint as though fully set forth herein.

15.    Answering Paragraph 15 of Count I of Plaintiff's Complaint, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions contained in this paragraph and, therefore, denies the same.

16.    Answering Paragraph 16 of Count I of Plaintiff's Complaint, this answering Defendant admits Plaintiff was once an employee of Defendant but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and legal conclusions contained in this paragraph and, therefore, denies the same.

17.    Answering Paragraph 17 of Count I of Plaintiff's Complaint, this answering Defendant denies the same.

18.    Answering Paragraph 18 of Count I of Plaintiff's Complaint, this answering Defendant denies the same.

19.    Answering Paragraph 19 of Count I of Plaintiff's Complaint, this answering Defendant denies the same.

**COUNT II (Arizona Wage Act – A.R.S. § 23-355)**

20.    Answering Paragraph 20 of Count II of Plaintiff's Complaint, this answering Defendant re-alleges, and incorporates herein by reference, its responses to all previous paragraphs of Plaintiff's Complaint as though fully set forth herein.

21.    Answering Paragraph 21 of Count II of Plaintiff's Complaint, this answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and legal conclusions contained in this paragraph and, therefore, denies the same.

GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Suite 1550
Las Vegas, NV 89101

22.   Answering Paragraph 22 of Count II of Plaintiff's Complaint, this answering Defendant denies the same.

23.   Answering Paragraph 23 of Count II of Plaintiff's Complaint, this answering Defendant denies the same.

24.   Answering Paragraph 24 of Count II of Plaintiff's Complaint, this answering Defendant denies the same.

## GENERAL DENIAL

This answering Defendant denies each and every allegation contained in Plaintiff's Complaint that is not specifically admitted as being true.

## AFFIRMATIVE DEFENSES

**AFFIRMATIVE DEFENSE NO. 1.**   Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**AFFIRMATIVE DEFENSE NO. 2.**   Plaintiff was properly classified as exempt from overtime according to applicable federal and state law.

**AFFIRMATIVE DEFENSE NO. 3.**   To the extent applicable, Plaintiff's damages are diminished in whole or in part by virtue of Plaintiff's failure to mitigate damages.

**AFFIRMATIVE DEFENSE NO. 4.**   To the extent applicable, Plaintiff's claims are barred for failing to timely exhaust his internal and administrative remedies available under state and federal laws.

**AFFIRMATIVE DEFENSE NO. 5.**   Defendant breached no duty owed to Plaintiff under state or federal law.

**AFFIRMATIVE DEFENSE NO. 6.**   Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, unclean hands, and/or waiver.

**AFFIRMATIVE DEFENSE NO. 7.**   Upon information and belief, after-acquired evidence bars and/or limits the amount of damages Plaintiff can recover on the Complaint against Defendant, if any.

**AFFIRMATIVE DEFENSE NO. 8.**   Plaintiff's claims are barred in that Defendant's actions were a just and proper exercise of management discretion, undertaken for a fair and honest

GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Suite 1550
Las Vegas, NV 89101

reason regulated by good faith under the circumstances then existing.

**AFFIRMATIVE DEFENSE NO. 9.**    At all relevant times, Defendant acted reasonably, for cause and/or in good faith toward Plaintiff and have not violated any rights, which may be secured to Plaintiff under federal or state law.

**AFFIRMATIVE DEFENSE NO. 10.**    Federal law preempts Plaintiff's state law claims.

**AFFIRMATIVE DEFENSE NO. 11.**    Plaintiff has failed to allege facts sufficient to justify an award of attorney's fees.

**AFFIRMATIVE DEFENSE NO. 12.**    Plaintiff's claims are barred by the statute of limitations.

**AFFIRMATIVE DEFENSE NO. 13.**    Plaintiff's claims are barred by the safe harbor statute 29 USC 259 because Defendant's actions were in good faith conformity and reliance on an order, ruling, approval or interpretation of the United States Department of Labor;" and a good faith belief that its pay practices are in conformity with both federal and state wage laws.

**AFFIRMATIVE DEFENSE NO. 14.**    Defendant alleges that the conduct and/or violations of law alleged against Defendant are not sufficient to be "willful."

**AFFIRMATIVE DEFENSE NO. 15.**    It has been necessary for Defendant to retain the services of an attorney to defend this action, and Defendant is entitled to a reasonable sum as and for attorney's fees.

**AFFIRMATIVE DEFENSE NO. 16.**    Defendant alleges that the penalties and fines sought are unconstitutional and excessive under the United States Constitution, and specifically under the Excessive Fines Clause of the Eighth Amendment, U.S. Const. Amend. VIII, and the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section 1.

**AFFIRMATIVE DEFENSE NO. 17.**    Defendant states, in the alternative if necessary, that if, in fact, it has failed to pay any non-exempt employee for work in excess of 40 hours in a work week, the uncompensated time is de minimis.  The Complaint, and each purported cause of action contained therein, is barred in whole or in part to the extent the de minimus doctrine applies to Plaintiff's claims.

**AFFIRMATIVE DEFENSE NO. 18.**    Pursuant to Federal Rule of Civil Procedure 11, all

GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Suite 1550
Las Vegas, NV 89101

possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Plaintiff's Complaint, and therefore, Defendant reserves the right to amend its Answer to Plaintiff's Complaint to allege additional affirmative defenses, if subsequent investigation so warrants.

## PRAYER FOR RELIEF

WHEREFORE, Defendant DREAM.ORG prays for judgment against Plaintiff as follows:

a) Plaintiff takes nothing by virtue of the Complaint;

b) For the cost of suit incurred herein;

c) For attorney's fees and costs; and

d) For such other and further relief as the court deems just and proper.

Dated this 3rd day of April 2026.

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Christopher Lund*

MICHAEL R. AYERS, ESQ.
Arizona Bar No. 024318
CHRISTOPHER LUND, ESQ.
Arizona Bar No. 040554
300 South Fourth Street, Suite 1550
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*DREAM.ORG*

GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Suite 1550
Las Vegas, NV 89101

GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Suite 1550
Las Vegas, NV 89101

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 3rd 2026, a true and correct copy of the foregoing DEFENDANT DREAM.ORG'S ANSWER TO PLAINTIFF'S COMPLAINT was electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all parties of record:

JOHN A. FABRICIUS
2615 E. Greenway Rd, #27
Phoenix, AZ 85032
Plaintiff – Pro Se
Email: johnfabriciusiii@gmailcom

*/s/Mayra Ibarra*
An Employee of GORDON REES
SCULLY MANSUKHANI, LLP