MICHAEL R. AYERS, ESQ.
Arizona Bar No. 024318
CHRISTOPHER LUND, ESQ.
Arizona Bar No. 040554
GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Suite 1550
Las Vegas, Nevada 89101
Telephone: (702) 577-9300
Facsimile: (702) 255-2858
Email: mayers@grsm.com
        tlund@grsm.com

*Attorneys for Defendant*
*DREAM.ORG*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| John A. Fabricius, II,<br><br>                Plaintiff,<br><br>v.<br><br>DREAM.ORG,<br><br>                Defendant. | Case No.: CV26-00211-PHX-DJH<br><br>**JOINT CASE MANAGEMENT REPORT UNDER RULE 26(f) RULES OF CIVIL PROCEDURE** |

Plaintiff JOHN A. FABRICIUS ("Plaintiff *pro se*") and Defendant DREAM.ORG ("Defendants"), collectively referred to herein as the ("Parties"), by and through their undersigned counsel of record, submit this Joint Case Management Report in accordance with the Court's Order to File Case Management Report [ECF No. 13].

A.  The Parties were ordered to meet and confer before the Scheduling Conference currently scheduled for June 4, 2026. Parties made initial contact via email which ultimately resulted in a conference call between the Parties.

B.  Per the Order [ECF 13], the Parties discussed and prepared this Joint Case Management Report.

1. **A list of the parties in the case**:

   a.  Plaintiff John A. Fabricius

   b.  Defendant Dream.Org

GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Suite 1550
Las Vegas, NV  89101

GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Suite 1550
Las Vegas, NV 89101

**2. <u>A short statement of the nature of the case, including a description of each claim and each affirmative defense, and identifying the factual and legal issues genuinely in dispute.</u>**

This is a civil action related to the classification and responsibilities of remote employees, particularly in relation to their exempt or non-exempt status and the implications of overtime pay eligibility.

**3. <u>Plaintiff asserts the jurisdictional basis for the case as follows:</u>**

This Court has subject-matter jurisdiction under 28 U.S.C. §§1331 (federal question) and 1337 (commerce regulations). The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. §1367. In addition, jurisdiction is proper under 28 U.S.C. §1391(b) because Plaintiff worked in Arizona and events giving rise to these claims occurred in this District.

**4. <u>Parties which have not been served:</u>**

All Parties have been served in this matter.

**5. <u>Additional Parties expected:</u>**

No additional Parties are expected at this time.

**6. <u>List of contemplated Motions</u>:**

Each Party intends to file competing dispositive motions later in the litigation process.

**7. <u>Consent to assignment to a United States Magistrate Judge</u>:**

The Parties do not consent to this assignment.

**8. <u>Status of other related cases pending:</u>**

Plaintiff has an EEOC claim pending against Defendant.

**9. <u>When Parties will exchange Fed.R.Civ.P.26(a) Initial Disclosures</u>:**

Parties will exchange Initial Disclosures on or by June 9, 2026.

**10. <u>Plan related to disclosure/discovery of electronically stored information</u>:**

The Parties intend to conduct discovery of ESI as permitted under the Federal Rules of Civil Procedure and Local Rules of Practice for the United States District Court for the District of Arizona. The Parties shall utilize appropriate means of labeling and identifying ESI to minimize confusion. The Parties shall produce discoverable ESI in the form in which it is maintained in the ordinary course of business or in a reviewable format such as PDF or TIFF, or in the form in which

it was maintained during the relevant time period or in a reviewable format such as a PDF or TIFF. The Parties do not currently have any outstanding disagreements concerning ESI.

### 11. Claims of privilege or work product:

The Parties may have some documents subject to Attorney-Client privilege or that are work product, and will provide Privilege logs with details.

### 12. Necessary Discovery:

a. The parties discussed necessary discovery, including the extent, nature, and location of discovery anticipated, as well as the scope of discovery.

b. The parties do not suggest any changes to the discovery limitations at this time.

c. The parties have agreed not to conduct depositions of the opposing party or their witnesses until after the noticing party has provided responses to the opposing party's first set of written discovery, or 60 days has passed since the filing of this document, whichever is sooner.

d. The parties discussed and agreed that the number of hours for each deposition should be limited to 1 day of 7 hours as outlined in FRCP 30(d)(1).

e. The parties may mutually agree in writing, without Court approval, to extend the time provided for discovery responses in Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. Such agreed-upon extensions, however, shall not alter or extend the discovery deadlines set forth in this Order.

### 13. Proposed specific dates:

a. Deadline for joining parties, amending pleadings, and filing supplemental pleadings: August 4, 2026.

b. Deadline for completion of discovery: February 1, 2027

c. Deadline for Plaintiff's expert disclosures: November 3, 2026

d. Deadline for Defendant's expert disclosures: December 3, 2026

e. Deadline for rebuttal expert disclosures: January 4, 2027

f. Deadline to complete expert depositions: February 17, 2027

g. Deadline to file dispositive motions: March 19, 2027

h. Date Parties shall engage in face-to-face good faith settlement talks: October 6, 2026

GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Suite 1550
Las Vegas, NV 89101

**GORDON REES SCULLY MANSUKHANI, LLP**
300 South Fourth Street, Suite 1550
Las Vegas, NV 89101

14. **Jury trial requested**:

A jury trial has been requested.

15. **Estimated length of jury trial**:

Parties anticipate a five-day jury trial.

16. **Prospects for settlement**:

The parties discussed the prospect of settlement and agree that after some discovery is conducted, settlement discussions may be fruitful. At this time, the parties do not request court assistance in settlement efforts, but may do so later in the litigation process.

C. **Other matters**:

There are no other matters to discuss at this time.

Dated this 28th day of May 2026.

**JOHN A. FABRICIUS**

/**s**/ *John A. Fabricius* (*with permission*)
John A. Fabricius
2615 E. Greenway Rd., #27
Phoenix, AZ 85032
Plaintiff *pro se*

**GORDON REES SCULLY MANSUKHANI, LLP**

/s/ Christopher Lund

MICHAEL R. AYERS, ESQ.
Arizona Bar No. 024318
CHRISTOPHER LUND, ESQ.
Arizona Bar No. 040554
300 South Fourth Street, Suite 1550
Las Vegas, Nevada 89101

*Attorneys for Defendant*
*DREAM.ORG*

GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Suite 1550
Las Vegas, NV 89101

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 28, 2026, a true and correct copy of the foregoing JOINT CASE MANAGEMENT REPORT UNDER RULE 26(f) RULES OF CIVIL PROCEDURE was electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all parties of record:

JOHN A. FABRICIUS
2615 E. Greenway Rd, #27
Phoenix, AZ 85032
Plaintiff – Pro Se
Email: johnfabriciusiii@gmailcom

/s/Tammy Kassen
An Employee of GORDON REES
SCULLY MANSUKHANI, LLP