John A. Fabricius, II
2615 E. Greenway Rd. #27
Phoenix, AZ 85032
(602) 527-3742
johnfabriciusiii@gmail.com
Plaintiff, Pro Se

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **JOHN A. FABRICIUS, II,** | Case No. CV-26-00211-PHX-DJH |
| Plaintiff, | **PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** (Fed. R. Civ. P. 15(a)(2); LRCiv 15.1) |
| v. | |
| **DREAM.ORG,** | Hearing Requested: No |
| Defendant. | |

## I.  INTRODUCTION AND RELIEF REQUESTED

Plaintiff John A. Fabricius, II respectfully moves pursuant to Fed. R. Civ. P. 15(a)(2) and LRCiv 15.1 for leave to file his First Amended Complaint ("FAC"). A clean copy of the proposed FAC is attached as Exhibit A. A redlined comparison copy showing all changes from the original Complaint (Doc. 1) is attached as Exhibit B, as required by LRCiv 15.1(a). Plaintiff requests that Defendant Dream.Org be ordered to answer or otherwise respond within 14 days of the Order granting leave.

## II.  BACKGROUND

1.    Plaintiff filed his original Complaint on January 14, 2026, asserting claims for unpaid overtime wages under the FLSA and Arizona law, arising from Defendant's misclassification of Plaintiff as an exempt employee.

- 1 -

2.    Defendant filed its Answer on April 3, 2026 (Doc. 11), asserting eighteen (18) Affirmative Defenses. The Court entered its Order Re: Case Management and AI Disclosure (Doc. 6) on January 16, 2026.

3.    Pursuant to the January 16, 2026, Order, parties have met and conferred and filed a Joint Rule 26(f) Case Management Report and a Joint Proposed Rule 16 Case Management Order, however, as of the date of this Motion, no scheduling order has been entered. No Rule 16 conference has been held. Discovery has not opened. Accordingly, this motion is timely.

**III.  AMENDMENTS MADE IN THE FIRST AMENDED COMPLAINT**

**The proposed FAC makes the following additions and changes, shown in full in the redlined Exhibit B:**

• **Count III — Collective Action (29 U.S.C. § 216(b)):**  A new collective action count is added alleging that Defendant's misclassification policy was applied uniformly to all non-executive employees. The FAC names 23 specifically identified Potential Collective Members and adds related factual allegations supporting collective treatment.

• **Willfulness Allegations (29 U.S.C. § 255(a)):**  The FAC adds specific factual allegations establishing that Defendant's FLSA violation was willful — i.e., that Defendant knew or recklessly disregarded whether its conduct violated the FLSA — triggering the three-year limitations period. Specific allegations include: Defendant's receipt of Plaintiff's pre-dawn and after-hours Slack messages; Defendant's supervisory acknowledgment of Plaintiff's workload in Culture Amp evaluations; and Defendant's salary increases that recognized Plaintiff's expanded production while refusing to pay overtime.

• **Decision-Maker Allegations:**  The FAC specifically identifies John Payne (CFO), Rachel King (Head of People Operations), and Danielle Davis (Sr. Director of People & Resources) as the individuals responsible for the Classification Decision and the failure to obtain any written legal opinion or conduct any individualized primary duty analysis.

• **ActionKit CRM Send-Authority Allegations:**  The FAC adds specific allegations that Defendant's ActionKit CRM platform restricted final-send authority to supervisor-level accounts, and that Plaintiff's account lacked independent send authority — directly refuting any claimed "discretion and independent judgment" under 29 C.F.R. § 541.200.

• **Arizona State Law Claims (Counts II and III):**  The Arizona Minimum Wage Act and Arizona Wage Payment Act counts are clarified and expanded to specify the applicable statutory provisions (A.R.S. §§ 23-363, 23-364, 23-350, and 23-355), the treble-damages remedy, and the civil-penalty and mandatory attorney's-fee provisions.

## IV.  LEGAL STANDARD

Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave should be denied only where there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Id. The burden to show prejudice falls on the party opposing amendment. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

## V.  ARGUMENT

**A.  Amendment Is Timely — No Scheduling Order Has Been Entered**

No scheduling order has been entered, and the Rule 16 conference has not yet been held. This case is at its earliest stage. Courts consistently find no undue delay where a motion to amend is filed before a scheduling order is entered and before any discovery has occurred. *Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir. 1999).

**B.  There Is No Bad Faith or Dilatory Motive**

The amendments are made in good faith to more precisely state existing claims, add a statutory collective action count expressly contemplated by the FLSA, and identify specifically named individuals and potential collective members whose identities were apparent from the original filing. There is no dilatory motive.

**C.  Defendant Will Not Be Prejudiced**

Defendant has answered the original Complaint and is fully aware of the nature of Plaintiff's claims. The FAC does not add new theories of recovery — it adds specificity, a collective count explicitly authorized by the statute Plaintiff already cited, and identifies individuals Defendant already knows. No discovery has been taken. No depositions have been scheduled. Defendant will have a full opportunity to respond to the FAC. There is no cognizable prejudice.

**D.  The Proposed Amendments Are Not Futile**

An amendment is futile only if it could not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Each proposed amendment is well-grounded in fact and law. The collective action count rests on a concrete factual showing of a common classification policy. The willfulness allegations rest on specific digital evidence already in Defendant's possession. The additional defendants are identified by name, title, and specific role. None of the amendments are futile.

**E. LRCiv 15.1 Compliance**

Pursuant to LRCiv 15.1(a), the proposed FAC is attached as Exhibit A in clean form. The redlined comparison copy showing all additions (underlined) and deletions (strikethrough) from the original Complaint is attached as Exhibit B. The proposed amended pleading attaches as a separate document and is not incorporated into this motion by reference.

## VI. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the First Amended Complaint attached as Exhibit A, and direct Defendant to answer or otherwise respond within 14 days of the date of the Order granting leave.

DATED this 31st day of May, 2026.

Respectfully submitted,

*John Fabricius*

John A. Fabricius, II
Plaintiff, Pro Se
2615 E. Greenway Rd. #27
Phoenix, AZ 85032
(602) 527-3742
johnfabriciusiii@gmail.com

**AI DISCLOSURE AND RULE 11 CERTIFICATION**

Pursuant to this Court's Order (Doc. 6), Plaintiff discloses that generative artificial intelligence was used in preparation of this document. Plaintiff certifies under FRCP 11(b) that all factual representations and legal citations have been independently verified by Plaintiff.

**CERTIFICATE OF SERVICE**

I certify that on this 31st day of May 2026, I served a true and correct copy of the foregoing via the Court's CM/ECF system, providing notice to counsel for Defendant:

Michael R. Ayers, Esq. | Christopher Lund, Esq.
Gordon Rees Scully Mansukhani, LLP
300 S. Fourth Street, Suite 1550 | Las Vegas, Nevada 89101
mayers@grsm.com | tlund@grsm.com

*John Fabricius*

John A. Fabricius, II

EXHIBIT A

John A. Fabricius, II
2615 E. Greenway Rd. #27
Phoenix, AZ 85032
(602) 527-3742
johnfabriciusiii@gmail.com
Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **JOHN A. FABRICIUS, II,** | Case No. CV-26-00211-PHX-DJH |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | |
| **DREAM.ORG,** | (Jury Trial Demanded) |
| Defendant. | |

## I.  INTRODUCTION

1. This is a civil action for unpaid overtime wages, liquidated damages, treble damages, and related relief arising from Defendant Dream.Org's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the Arizona Minimum Wage Act, A.R.S. §§ 23-363 et seq., and the Arizona Wage Payment Act, A.R.S. §§ 23-350 et seq.

2. Plaintiff was employed by Defendant from April 12, 2022 through July 24, 2024. Defendant misclassified Plaintiff as an "exempt" employee to avoid overtime premiums, despite Plaintiff performing non-exempt, production-based work under two to three levels of active supervision, with no authority to hire, fire, or discipline any employee,

- 1 -

and no independent authority to release any work product or execute any digital campaign send.

3. This action is also brought as a collective action under 29 U.S.C. § 216(b) on behalf of Plaintiff and all similarly situated current and former Dream.Org employees who were misclassified as exempt during the applicable limitations period.

## II.  JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1337. Supplemental jurisdiction over state claims exists under 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. § 1391(b). Plaintiff resided and worked in Phoenix, Arizona, and a substantial part of the events giving rise to these claims occurred in this District.

## III.  PARTIES

6. Plaintiff John A. Fabricius, II is an individual residing in Phoenix, Arizona.

7. Defendant Dream.Org (f/k/a Dream Corps) is a California nonprofit corporation, principal place of business in Oakland, California. At all relevant times, Defendant was an enterprise engaged in commerce with annual gross volume exceeding $500,000. 29 U.S.C. § 203(s)(1).

## IV.  COLLECTIVE ACTION ALLEGATIONS

8.  Plaintiff brings this action as a collective action under 29 U.S.C. § 216(b) on behalf of himself and all persons employed by Dream.Org and classified as exempt from overtime at any time during the three years preceding this filing.

9.  Defendant applied a uniform policy of classifying non-executive employees as exempt without conducting individualized primary duty analyses as required by 29 C.F.R. Part 541.

10. Based upon information and belief, potential collective members include, but are not limited to, current and former Dream.Org employees who held non-executive positions, were classified as exempt from overtime without individualized primary duty analysis under 29 C.F.R. Part 541, performed production-based work under active supervisory oversight, and lacked independent authority to hire, fire, or formally discipline any employee during the Relevant Period.

## V.  FACTUAL ALLEGATIONS

### A.  Plaintiff's Position and Titles

11. Plaintiff was hired as a "Digital Campaigner" and classified as exempt beginning April 12, 2022. Beginning in or around October 2022, Plaintiff also held the title "Arizona State Campaign Lead." Defendant's Answer (Doc. 11, ¶ 7) characterizes this role as a "volunteer position," confirming it was collateral and non-managerial.

12. Plaintiff reported to Elizebeth (Liz) Solorio (Engagement) and Amanda Hall (Justice), who directed his work and approved or rejected his output on a continuous basis.

- 3 -

**B. Plaintiff's Actual Primary Duties Were Non-Exempt**

13. Plaintiff's actual primary duties were production-based and entirely management-directed: (a) creating and editing digital content under strict supervisory language requirements; (b) facilitating assigned classes and running data reports; (c) executing mobilization tactics assigned by the Engagement and Justice Departments; and (d) building and submitting campaigns for multi-level approval before any release.

14. Plaintiff exercised no independent discretion on any matter of significance. Every work product was subject to review by two to three supervision levels. Plaintiff lacked final authority to release content, bind the organization, or make any policy decision.

15. Plaintiff had no authority to hire, fire, promote, demote, formally discipline, or determine compensation for any Dream.Org employee.

16. Dream.Org policy and proceudure required the Email Manager, Andrew Milton, not Plaintiff, to log in, review, approve, and schdule the final send for every email campaign Plaintiff built. Plaintiff lacked independent send authority.

**C. Defendant's Actual Knowledge of Overtime Hours**

17. Beginning on or about January 8, 2023, Plaintiff routinely worked approximately sixty (60) hours per week. During campaign weeks, advocacy events, and required travel, Plaintiff routinely worked in excess of eighty (80) hours per week.

- 4 -

18. Defendant had actual contemporaneous knowledge of these hours. Defendant required Plaintiff to use Slack, Google Workspace, and Asana — creating a complete digital timestamp record of work activity during nights, weekends, and pre-dawn hours.

19. Defendant's supervisors received and responded to messages sent before 8:00 a.m. and after 6:00 p.m. on countless occasions. Culture Amp 360-degree evaluations contain written supervisory statements documenting Plaintiff's exceptional workload. Despite this knowledge, Defendant took no steps to pay overtime.

20. Defendant rewarded Plaintiff with salary increases in 2023 and March 2024 reflecting expanded production, while still refusing to pay overtime.

**D.  Classification Without Individualized Analysis**

21.  Based upon information and belief, John Payne (CFO) oversaw Dream.Org's compensation structure. Rachel King (Chief People Officer) and Danielle Davis (Sr. Director of People & Resources) implemented and maintained the classification policy.

22.  Dream.Org classified Plaintiff and the Named Potential Collective Members as exempt without any written individualized primary duty analysis under 29 C.F.R. §§ 541.100, 541.200, or 541.300. No written legal opinion was obtained before or during Plaintiff's employment.

## VI.  COUNT I — WILLFUL VIOLATION OF THE FLSA (29 U.S.C. § 207)

### (Individual and Collective Claims)

23. Plaintiff incorporates all preceding paragraphs.

24. Defendant is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A), with annual gross volume exceeding $500,000.

25. Defendant failed to pay Plaintiff overtime at one and one-half times his regular rate for all hours in excess of forty (40) per workweek, in violation of 29 U.S.C. § 207(a)(1).

26. Defendant's claimed exemptions do not apply. All FLSA exemptions are narrowly construed against the employer. *Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388 (1960).

27. Defendant's violation was willful. 29 U.S.C. § 255(a); *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). A three-year limitations period applies. Defendant monitored Plaintiff's digital work daily yet persisted in the exempt classification.

28. Plaintiff and opt-in plaintiffs are entitled to: (a) unpaid overtime wages; (b) equal liquidated damages under 29 U.S.C. § 216(b); (c) mandatory attorney's fees and costs; and (d) such other relief as the Court deems just.

## VII.  COUNT II — ARIZONA MINIMUM WAGE ACT (A.R.S. §§ 23-363 et seq.)

### (Individual Claim)

29. Plaintiff incorporates all preceding paragraphs. The Arizona Minimum Wage Act requires payment of the applicable Arizona minimum wage for all hours worked. A.R.S.

- 6 -

§ 23-363(A). Defendant failed to pay Plaintiff minimum wages for all hours actually worked. Pursuant to A.R.S. § 23-364, Plaintiff is entitled to unpaid wages, an equal additional amount as damages, civil penalties, and mandatory attorney's fees.

## VIII.  COUNT III — ARIZONA WAGE PAYMENT ACT / TREBLE DAMAGES
### (A.R.S. §§ 23-350 et seq. and 23-355 — Individual Claim)

30. Plaintiff incorporates all preceding paragraphs. "Wages" includes overtime compensation. A.R.S. § 23-350(7). Defendant failed to pay overtime within Arizona's required timeframes. Defendant's failure was not the result of a good-faith dispute — Defendant knowingly accepted the benefit of Plaintiff's overtime labor with full knowledge of the digital timestamp records establishing his hours. Pursuant to A.R.S. § 23-355, Plaintiff is entitled to recover treble (three times) the amount of unpaid wages.

## IX.  PRAYER FOR RELIEF

A.  Certification as a collective action under 29 U.S.C. § 216(b), with court-authorized notice;

B.  All unpaid overtime wages;

C.  Liquidated damages equal to unpaid overtime wages under 29 U.S.C. § 216(b);

D.  Treble damages under A.R.S. § 23-355 (in the alternative);

E.  Civil penalties and double damages under A.R.S. § 23-364;

F.  Pre-judgment interest at 10% per annum under A.R.S. § 44-1201;

- 7 -

G.  Post-judgment interest as allowed by law;

H.  Attorney's fees and costs under 29 U.S.C. § 216(b) and A.R.S. § 23-364(G);

I.  Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable. Fed. R. Civ. P. 38(b); U.S. Const. amend. VII.

## DECLARATION UNDER PENALTY OF PERJURY

I, John Fabricius, declare under penalty of perjury under the laws of the United States of America that the foregoing Complaint is true and correct to the best of my knowledge, information, and belief.

Executed this 31st day of May 2026, in Maricopa County, Arizona.

Respectfully submitted,

_John Fabricius_____
John A. Fabricius, II
Plaintiff, Pro Se
2615 E. Greenway Rd. #27
Phoenix, AZ 85032
(602) 527-3742
johnfabriciusiii@gmail.com

## AI DISCLOSURE AND RULE 11 CERTIFICATION

Pursuant to this Court's Order (Doc. 6), Plaintiff discloses that generative artificial intelligence was used in preparation of this document. Plaintiff certifies under FRCP 11(b) that all factual representations and legal citations have been independently verified by Plaintiff.

## CERTIFICATE OF SERVICE

I certify that on this 31st day of May 2026, I served a true and correct copy of the foregoing via the Court's CM/ECF system, providing notice to counsel for Defendant:

Michael R. Ayers, Esq. | Christopher Lund, Esq.
Gordon Rees Scully Mansukhani, LLP
300 S. Fourth Street, Suite 1550 | Las Vegas, Nevada 89101
mayers@grsm.com | tlund@grsm.com

_John Fabricius_
John A. Fabricius, II

- 9 -

EXHIBIT B

John A. Fabricius, II
2615 E. Greenway Rd. #27
Phoenix, AZ 85032
(602) 527-3742
johnfabriciusiii@gmail.com

Plaintiff, Pro Se

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **JOHN A. FABRICIUS, II,**<br><br>      Plaintiff,<br><br>v.<br><br>**DREAM.ORG,**<br><br>      Defendant. | Case No. CV-26-00211-PHX-DJH<br><br>**FIRST AMENDED COMPLAINT COMPARISON DOCUMENT LISTING CHANGES, ADDITIONS, AND REMOVALS**<br><br>[LRCiv 15.1 EXHIBIT B]<br>Hearing Requested: No |

**I.  INTRODUCTION**

1.    This is a civil action for unpaid overtime wages, liquidated damages, ~~and related relief~~ <u>treble damages, and related relief</u> arising from Defendant Dream.Org's <u>willful</u> violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the Arizona Minimum Wage Act, A.R.S. §§ 23-363 et seq., and the Arizona Wage Payment Act, A.R.S. §§ 23-350 et seq.

2.    Plaintiff was employed by Defendant from April 12, 2022 through July 24, 2024. Defendant misclassified Plaintiff as an "exempt" employee to avoid overtime premiums, despite Plaintiff performing non-exempt, production-based work under two to three levels of active supervision, with no authority to hire, fire, or discipline any employee, and no independent authority to release any work product or execute any digital campaign send.

- 1 -

3. This action is also brought as a collective action under 29 U.S.C. § 216(b) on behalf of Plaintiff and all similarly situated current and former Dream.Org employees who were misclassified as exempt during the applicable limitations period.

## II. JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1337. Supplemental jurisdiction over state claims exists under 28 U.S.C. § 1367.

5. Venue is proper under 28 U.S.C. § 1391(b). Plaintiff resided and worked in Phoenix, Arizona, and a substantial part of the events giving rise to these claims occurred in this District.

## III. PARTIES

6. Plaintiff John A. Fabricius, II is an individual residing in Phoenix, Arizona.

7. Defendant Dream.Org (f/k/a Dream Corps) is a California nonprofit corporation, principal place of business in Oakland, California. At all relevant times, Defendant was an enterprise engaged in commerce with annual gross volume exceeding $500,000. 29 U.S.C. § 203(s)(1).

## IV. COLLECTIVE ACTION ALLEGATIONS  [NEW SECTION — INSERTED]

8. Plaintiff brings this action as a collective action under 29 U.S.C. § 216(b) on behalf of himself and all persons employed by Dream.Org and classified as exempt from overtime at any time during the three years preceding this filing.

9. Defendant applied a uniform policy of classifying non-executive employees as exempt without conducting individualized primary duty analyses as required by 29 C.F.R. Part 541.

- 2 -

10. Based upon information and belief, Named Potential Collective Members include but are not limited to: J. Alexandria Hunt-Garcia, Emmanuel Mammah, Victoria Soriano, Alejandra Castillo, Alexis Uzoh, Brenda Medina Maldonado, Brittany Stewart, Giovanni Emblen, Heerak Choi, Ivanna D'Alencon, Jessica Johnson, Maggie Orozco, Mira Mason Reader, Ruby Welch, Brittany Dohman, David Mitchell, Dominique French, Eman Nazir, Imani Stephens, John Bowman, Mat Hezelberg, Miguel Angel Martinez Jr., and Yuri Sadiki-Torres.

## V. FACTUAL ALLEGATIONS  [formerly Section IV]

### A. Plaintiff's Position and Titles

11. Plaintiff was hired as a "Digital Campaigner" and classified as exempt beginning April 12, 2022. Beginning in or around October 2022, Plaintiff also held the title "Arizona State Campaign Lead." Defendant's Answer (Doc. 11, ¶ 7) characterizes this role as a "volunteer position," confirming it was collateral and non-managerial.

### B. Plaintiff's Actual Primary Duties Were Non-Exempt

12. Plaintiff's actual primary duties were production-based and entirely management-directed: (a) creating and editing digital content under strict supervisory language requirements; (b) facilitating assigned classes and running data reports; (c) executing mobilization tactics assigned by the Engagement and Justice Departments; and (d) building and submitting campaigns for multi-level approval before any release.

13. Plaintiff had no authority to hire, fire, promote, demote, formally discipline, or determine compensation for any Dream.Org employee.

14. Dream.Org policy and proceudure required the Email Manager, Andrew Milton, not Plaintiff, to log in, review, approve, and schdule the final send for every email campaign Plaintiff built. Plaintiff lacked independent send authority.

**C.  Defendant's Actual Knowledge of Overtime Hours**

15. Beginning on or about January 8, 2023, Plaintiff routinely worked approximately sixty (60) hours per week. During campaign weeks, advocacy events, and required travel, Plaintiff routinely worked in excess of eighty (80) hours per week.

16. Defendant had actual contemporaneous knowledge of these hours. Defendant required Plaintiff to use Slack, Google Workspace, and Asana — creating a complete digital timestamp record of work activity during nights, weekends, and pre-dawn hours.

**D.  Classification Without Individualized Analysis  [NEW SUBSECTION — INSERTED]**

17. John Payne (CFO) oversaw Dream.Org's compensation structure. Rachel King (Head of People Operations) and Danielle Davis (Sr. Director of People & Resources) implemented and maintained the classification policy.

18. Dream.Org classified Plaintiff and the Named Potential Collective Members as exempt without any written individualized primary duty analysis under 29 C.F.R. §§ 541.100, 541.200, or 541.300. No written legal opinion was obtained before or during Plaintiff's employment.

**COUNT I — FLSA (29 U.S.C. § 207)  [formerly Count I ——amended willfulness]**

19. Plaintiff incorporates all preceding paragraphs.

20. Defendant violated 29 U.S.C. § 207(a)(1) by failing to pay Plaintiff overtime.

- 4 -

21. Defendant's violation was willful within the meaning of 29 U.S.C. § 255(a) and *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). A three-year limitations period applies.

**COUNT II — Arizona Minimum Wage Act  [unchanged]**

22. [Unchanged — see clean FAC, Exhibit A.]

**COUNT III — Arizona Wage Payment Act  [unchanged]**

23. [Unchanged — see clean FAC, Exhibit A.]

**COUNT IV — FLSA COLLECTIVE ACTION [NEW COUNT INSERTED]**

24. Plaintiff incorporates all preceding paragraphs.

25. Plaintiff brings this claim as a collective action under 29 U.S.C. § 216(b). Defendant applied a uniform exemption policy to all non-executive employees without individualized analysis. All Named Potential Collective Members performed similar non-exempt duties and were denied overtime pay. Conditional certification and court-authorized notice are sought by separate motion.

DATED this 31st day of May, 2026.

Respectfully Submitted,

*John Fabricius*

- 5 -

## AI DISCLOSURE AND RULE 11 CERTIFICATION

Pursuant to this Court's Order (Doc. 6), Plaintiff discloses that generative artificial intelligence was used in preparation of this document. Plaintiff certifies under FRCP 11(b) that all factual representations and legal citations have been independently verified by Plaintiff.

EXHIBIT C

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **John A. Fabricius, II,** | Case No. CV-26-00211-PHX-DJH |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| **Dream.Org,** | |
| Defendant. | |

Before the Court is Plaintiff's Motion for Leave to File First Amended Complaint, filed pursuant to Fed. R. Civ. P. 15(a)(2) and LRCiv 15.1.  The Court has considered the Motion, Defendant's Response, if any, the record, and the applicable law.

**IT IS ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (Doc. ___) is **GRANTED**.

1

**IT IS FURTHER ORDERED** that Plaintiff shall file and serve the First Amended Complaint within fourteen (14) days of the date of this Order.

**IT IS FURTHER ORDERED** that upon filing, the First Amended Complaint shall be the operative pleading and shall supersede the original Complaint (Doc. 1) in its entirety.

**IT IS FURTHER ORDERED** that Defendant shall answer or otherwise respond to the First Amended Complaint within the time prescribed by Fed. R. Civ. P. 15(a)(3).