John A. Fabricius, II
2615 E. Greenway Rd. #27
Phoenix, AZ 85032
(602) 527-3742
johnfabriciusiii@gmail.com
Plaintiff Pro Se

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN A. FABRICIUS, II, | Case No. CV-26-00211-PHX-DJH |
| Plaintiff, | **PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| v. | **(Fed. R. Civ. P. 15(a)(2); LRCiv 15.1)** |
| DREAM.ORG, | |
| Defendant. | |

## I. INTRODUCTION AND RELIEF REQUESTED

Plaintiff John A. Fabricius, II respectfully moves pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule of Civil Practice (LRCiv) 15.1 for an Order granting leave to file his First Amended Complaint ("FAC"). As mandated by LRCiv 15.1(a), a clean copy of the proposed FAC is attached hereto as Exhibit A, and a redlined comparison copy demonstrating all alterations from the original Complaint (Doc. 1) is attached as Exhibit B. Plaintiff respectfully requests that Defendant Dream.Org be ordered to file an answer or alternative responsive pleading within fourteen (14) days of the Court's Order granting this Motion.

## II. BACKGROUND

1.      Plaintiff initiated this civil action on January 14, 2026, asserting claims for uncompensated overtime compensation under the Fair Labor Standards Act ("FLSA") and Arizona state statutory law, arising from Defendant's uniform misclassification of Plaintiff as an exempt administrative employee.

2.      Defendant filed its Answer on April 3, 2026 (Doc. 11), asserting eighteen (18) affirmative defenses. Prior to that, on January 16, 2026, the Court entered its standard Order Re: Case Management and AI Disclosure (Doc. 6).

3.      Pursuant to the Court's scheduling instructions, the parties have met, conferred, and subsequently filed a Joint Rule 26(f) Case Management Report and a Joint Proposed Rule 16 Case Management Order. However, as of the date of this filing, the Court has not yet conducted a Rule 16 Case Management Conference, discovery has not officially opened, and no final Scheduling Order has been entered. Accordingly, this Motion is structurally and procedurally timely, carrying zero risk of disrupting pretrial deadlines.

## III. AMENDMENTS MADE IN THE FIRST AMENDED COMPLAINT

The proposed FAC clarifies specific evidentiary facts, integrates newly discovered corporate decision-makers, refines the statutory framework of the Arizona state law counts, and establishes a formal collective action enforcement structure. As reflected in Exhibit A and Exhibit B, the principal amendments consist of the following:

o   Formally Asserting Collective Action Treatment (29 U.S.C. § 216(b)): Count I is expanded to pursue individual and collective remedies, explicitly establishing that Defendant

executed a uniform corporate policy of misclassifying all non-executive digital campaigning personnel as exempt without individual duty audits.

o Explicit Corporate Decision-Maker Tracking: The FAC introduces specific liability facts identifying Chief Financial Officer John Payne, Chief People Officer Rachel King, and Senior Director of People & Resources Danielle Davis as the individuals uniquely responsible for authorizing and preserving the baseline exempt classification policy without securing written legal advice or conducting primary duty audits.

o Technical Platform Restrictions (ActionKit CRM Send Authority): The FAC adds crucial functional descriptions of Defendant's digital operations, explicitly noting that the ActionKit CRM engine restricted final outbound database transmission authority exclusively to administrator-level credentials. Because Plaintiff's terminal account entirely lacked independent campaign-release capabilities, this operational block directly disproves the 'discretion and independent judgment' requirements mandated for administrative exemptions under 29 C.F.R. § 541.200.

o Statutory Clarification of State Law Claims (Counts II and III): The FAC refines the operational boundaries of Count II (Arizona Minimum Wage Act, A.R.S. §§ 23-363, 23-364) and Count III (Arizona Wage Payment Act, A.R.S. §§ 23-350, 23-355), specifying the precise regulatory paths, the entitlement to mandatory statutory attorney's fees, civil penalties, and the treble-damages landscape governed by Arizona law.

o Factual Enhancement of Count II (Arizona Minimum Wage Act): The FAC supplements Count II with specific factual allegations establishing that Plaintiff's effective hourly rate fell below the Arizona minimum wage during overtime workweeks, that Defendant's misclassification directly caused this underpayment, and that statutory treble damages and civil penalties under A.R.S. § 23-364 are therefore warranted.

## IV. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) dictates that after a responsive pleading is served, a party may amend its pleading only with the opposing party's written consent or the court's leave, noting explicitly that "the court should freely give leave when justice so requires." The Supreme Court has instructed that this statutory policy must be applied with "extreme liberality," and leave should be withheld only upon a clear showing of: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; or (5) futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962).

The Ninth Circuit has consistently reaffirmed that "Rule 15's policy of favoring amendments should be applied with extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Mere delay, without a showing of prejudice, bad faith, or futility, is insufficient to justify denying leave to amend. See id. at 187; see also Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990). The party opposing amendment bears the burden of showing why leave should not be granted. DCD Programs, 833 F.2d at 186. When, as here, a motion to amend is brought before the entry of a scheduling order and before the commencement of discovery, the liberal standard of Rule 15(a) applies in full force, and the motion should be granted absent a compelling showing to the contrary.

## V. ARGUMENT

### A. Amendment Is Highly Timely and Incurs No Pretrial Delay

Because the Court has not yet conducted its Rule 16 conference or established an operative scheduling order, discovery remains closed. Pretrial positions have not hardened, and neither party has executed depositions or advanced specialized motions. Courts within the Ninth Circuit universally hold that undue delay is absent when a party requests leave to amend

prior to the entry of a formal scheduling order or the opening of the formal discovery window. See Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

### B. The Request Reflects Sound Good Faith and Zero Dilatory Motive

The proposed modifications are introduced in absolute good faith to narrow the factual controversies, properly frame statutory definitions, and present the complete scope of the wage dispute under 29 U.S.C. § 216(b). Plaintiff has not engaged in repeated or iterative attempts to amend, and the additions stem directly from a precise review of contemporary business records, platform terminal settings, and administrative communications. No dilatory motive exists.

### C. Defendant Faces Zero Cognizable Legal or Procedural Prejudice

Prejudice is the touchstone factor in evaluating a motion to amend under Rule 15. Defendant cannot claim prejudice here; it has been on notice since January 2026 that its classification protocols, digital records, and compensation matrices were the core targets of this litigation. The FAC does not introduce divergent, extraneous legal theories or remote factual transactions; it simply integrates precise operational details, identifies the exact corporate personnel who implemented the choices, and adds the statutory collective mechanism built directly into the FLSA. No discovery resets are required.

### D. The Proposed Amendments Are Not Futile

An amendment is futile only if it would not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). Under the plausibility standard established by Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), a complaint need only allege sufficient factual content to state a claim to relief that is plausible on its face. The proposed FAC easily satisfies this threshold.

Count I (FLSA) alleges detailed, specific facts demonstrating that Plaintiff was misclassified as an exempt administrative employee, that his actual primary duties were non-

exempt production work under multiple layers of supervision, that he lacked independent send authority in the ActionKit CRM system, and that Defendant willfully withheld overtime compensation. These allegations plausibly state a claim for overtime violations under 29 U.S.C. § 207(a)(1) and support collective action treatment under 29 U.S.C. § 216(b).

Count II (AMWA) alleges that when Plaintiff's total salary is divided by the actual number of hours worked during extended overtime workweeks, his effective hourly compensation rate fell below the Arizona minimum wage prescribed by A.R.S. § 23-363(A). Because Defendant misclassified Plaintiff as exempt and paid him a fixed salary regardless of hours worked, Plaintiff received less than the statutory minimum wage for each hour actually worked during those extended workweeks. These factual allegations plausibly state a minimum wage claim under the AMWA and entitle Plaintiff to statutory double damages and civil penalties under A.R.S. § 23-364.

Count III (AWPA) alleges that Defendant accepted and relied upon Plaintiff's extended overtime labor, contractually agreed to compensate Plaintiff for his expanded production output through written performance evaluations and step salary increases, yet withheld the regular wages due for those extended hours without any good-faith dispute. These allegations plausibly state a claim for treble damages under A.R.S. § 23-355.

Because each count in the proposed FAC contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, the amendments are not futile. Granting leave to amend is therefore warranted under the fifth Foman factor as well.

### E. Complete Compliance with Local Rule 15.1

Plaintiff has fully observed the formal conditions of LRCiv 15.1(a). A complete, publication-ready clean draft of the operative FAC is attached as Exhibit A, and a comprehensive redline text demonstrating every textual insertion and deletion is attached as

Exhibit B. The proposed pleading is uploaded as a distinct supporting attachment as required by the electronic filing protocols of this District.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff John A. Fabricius, II respectfully requests that the Court grant his Motion for Leave to File First Amended Complaint, direct the Clerk to file the attached Exhibit A as the operative pleading of record, and order Defendant to answer or otherwise respond within fourteen (14) days of the Court's Order.

DATED this 2nd day of June, 2026.

John A. Fabricius, II
Plaintiff, Pro Se
2615 E. Greenway Rd. #27
Phoenix, AZ 85032
(602) 527-3742
johnfabriciusiii@gmail.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

JOHN A. FABRICIUS, II,

      Plaintiff,

      v.

DREAM.ORG,

      Defendant.

Case No. CV-26-00211-PHX-DJH

**FIRST AMENDED COMPLAINT**
(Jury Trial Demanded)

Hearing Requested: No

**I. INTRODUCTION**

1.     This is a civil enforcement action brought individually and collectively to recover uncompensated overtime wages, liquidated damages, statutory treble damages, civil penalties, and reasonable attorney's fees arising from Defendant Dream.Org's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the Arizona Minimum Wage Act ("AMWA"), A.R.S. §§ 23-363 et seq., and the Arizona Wage Payment Act ("AWPA"), A.R.S. §§ 23-350 et seq.

2.     Plaintiff was employed by Defendant from April 12, 2022, through July 24, 2024. Throughout his tenure, Defendant uniformly misclassified Plaintiff as an "exempt" administrative employee to completely avoid paying mandatory overtime premiums. In reality, Plaintiff executed purely non-exempt, execution-based production work under two to three layers of active, restrictive supervisory oversight, held zero authority to hire, terminate, promote, or formally discipline any corporate personnel, and was restricted from independently releasing any digital work product or executing any campaign outbound send.

**II. JURISDICTION AND VENUE**

3.     This Court possesses original subject-matter jurisdiction over Plaintiff's federal statutory claims pursuant to 28 U.S.C. §§ 1331 and 1337, as well as the express civil remedies block of 29 U.S.C. § 216(b).

4.     This Court possesses supplemental jurisdiction over Plaintiff's state statutory law claims pursuant to 28 U.S.C. § 1367, because the state claims arise out of a common nucleus of operative fact and are so related to the federal claims that they form part of the same case or controversy.

5.     Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b) because a substantial part of the operational omissions and specific events giving rise to these claims occurred within this judicial district, and Plaintiff performed his employment duties for Defendant while residing in Phoenix, Arizona.

**III. PARTIES**

6.     Plaintiff John A. Fabricius, II is an individual who currently resides in Phoenix, Arizona, and at all relevant times was an "employee" of Defendant within the definitions of 29 U.S.C. § 203(e)(1) and A.R.S. §§ 23-350(2) and 23-362(A).

7.     Defendant Dream.Org (formerly known as Dream Corps) is a California nonprofit corporation with its principal place of business in Oakland, California, which actively conducts business operations within the State of Arizona. At all relevant times, Defendant acted as an "employer" within the meaning of 29 U.S.C. § 203(d) and A.R.S. §§ 23-350(3) and 23-362(B).

**IV. COLLECTIVE ACTION ALLEGATIONS**

8.     Plaintiff brings Count I as a collective action under 29 U.S.C. § 216(b) on behalf of himself and a similarly situated class defined as follows:

a.     "All current and former employees of Dream.Org who, at any time during the three years preceding the filing of this action through the date of final judgment, held non-executive digital campaigning, organizing, or state-based campaign lead positions, were classified as exempt from overtime compensation, and performed production-oriented, management-directed duties without independent authority to hire, fire, or execute autonomous digital campaigns."

9.     Defendant maintained a uniform administrative policy, pattern, and practice of classifying all individuals within this occupational tier as exempt from overtime premiums as a generalized category, without executing individualized, written primary duty audits or job function tracking under 29 C.F.R. Part 541.

10.     Based on information and belief, the similarly situated class of potential collective members encompasses at least twenty-three (23) individuals, identified by initials as follows: J.H., E.M., V.S., A.C., A.U., B.M., B.S., G.E., H.C., I.D., J.J., M.O., M.R., R.W., B.D., D.M., D.F., E.N., I.S., J.B., M.H., M.M. Jr., and Y.S., all of whom performed common execution tasks and were denied overtime pay.

**V. FACTUAL ALLEGATIONS**

**A. Plaintiff's Position, Titles, and Supervision Hierarchy**

11.     Plaintiff was hired by Defendant on April 12, 2022, under the primary corporate job title of "Digital Campaigner" and was classified from his first day as exempt from overtime. In October 2022, Plaintiff was assigned the concurrent title of "Arizona State Campaign Lead." Defendant's Answer (Doc. 11, ¶ 7) explicitly describes this concurrent title as a "volunteer position," thereby confirming that it carried zero managerial authority, zero separate budget oversight, and was wholly collateral to his primary production duties.

12.     Throughout his employment, Plaintiff operated under an intensive, top-down chain of command. He reported directly to Elizebeth (Liz) Solorio (Engagement Department) and Amanda Hall (Justice Department). These supervisors issued explicit, daily directives regarding copy, scheduling, target audience groups, and operational methods. Every draft, spreadsheet, or logistical layout prepared by Plaintiff was subject to iterative review and was regularly altered, rejected, or modified by his supervisors.

**B. Plaintiff's Primary Job Duties Were Distinctly Non-Exempt Production Tasks**

13.     Plaintiff's actual primary job duties consisted entirely of routine, execution-level digital production work and programmatic support, rather than high-level administration or organization-wide policy design. His daily duties included: (a) drafting, formatting, and editing routine digital text, emails, and social posts under rigid organizational messaging guidelines; (b) monitoring automated platform data logs, running system reports, and technical class setup; (c) executing specific, localized mobilization tactics assigned by the corporate offices; and (d) compiling electronic campaigns and routing them through internal tracking for approval before any distribution.

14. Crucially, Defendant's strict operational architecture stripped Plaintiff of any autonomous transmission capabilities. To distribute any email broadcast compiled by Plaintiff, corporate procedure mandated that Andrew Milton, Defendant's Email Manager, independently log in, audit the campaign layout, approve the underlying links, and manually trigger the final broadcast schedule within the ActionKit CRM system. Plaintiff's terminal user account entirely lacked final outbound "send" authority. This operational constraint demonstrates that Plaintiff's labor was limited to non-exempt manufacturing of digital content rather than independent administrative administration.

**C. Defendant's Direct and Contemporaneous Knowledge of Extended Overtime Hours**

15. Beginning on or about January 8, 2023, the workload assigned to Plaintiff increased significantly. Plaintiff routinely worked approximately sixty (60) hours per standard workweek. During active digital campaign waves, regional advocacy cycles, and mandated professional travel, Plaintiff's schedule routinely exceeded eighty (80) hours per workweek.

16. Defendant possessed actual, real-time, and contemporaneous knowledge that Plaintiff was logging these extensive hours. Defendant strictly required Plaintiff to utilize corporate Slack channels, Google Workspace applications, and Asana project tracking, creating an indelible, enterprise-wide digital audit trail of user activity spanning pre-dawn mornings, late nights, and consecutive weekends.

17. Defendant's supervisors routinely received, read, and immediately replied to Slack messages and system notifications transmitted by Plaintiff prior to 8:00 a.m. and after 6:00 p.m. Furthermore, Defendant's formal Culture Amp 360-degree performance evaluations contain written, explicit supervisory entries celebrating and validating Plaintiff's exceptional workload, production volume, and round-the-clock availability.

**D. Deliberate Avoidance of Regulatory Tracking Metrics**

18.     Chief Financial Officer John Payne directly managed and dictated Defendant's centralized compensation and financial architecture. Chief People Officer Rachel King and Senior Director of People & Resources Danielle Davis directly executed and maintained the baseline exemption classification guidelines.

19.     These administrators applied a blanket exempt classification to Plaintiff and the similarly situated digital campaigner class without compiling any written, individualized primary duty analyses as required by 29 C.F.R. §§ 541.100, 541.200, or 541.300. Furthermore, Defendant failed to seek or secure any formal, written legal guidance from external counsel or federal labor offices to confirm the legality of its classification framework before or during Plaintiff's employment tenure.

**VI. CLAIMS FOR RELIEF**

**COUNT I — WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT (29 U.S.C. § 207)**
**(Individual and Collective Claim)**

20.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

21.     At all relevant times, Defendant acted as an employer engaged in interstate commerce and operated an enterprise within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.     Pursuant to 29 U.S.C. § 207(a)(1), an employer is prohibited from employing an individual for a workweek longer than forty (40) hours unless the employee receives

- 13 -

compensation for their employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which they are employed.

23.    Defendant's asserted exemptions do not apply. Federal regulatory exemptions are construed giving them a fair and natural reading, and the heavy burden of establishing an exemption remains on the employer. See Encino Motorcars, LLC v. Navarro, 584 U.S. 79 (2018). Defendant cannot satisfy this burden because Plaintiff's job functions lacked independent discretion, managerial control, or operational autonomy.

24.    Defendant's statutory violations were willful, deliberate, and executed in reckless disregard of clear regulatory standards under 29 U.S.C. § 255(a) and McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988). Defendant monitored Plaintiff's terminal activities daily and explicitly noted his heavy workloads in performance evaluations, yet deliberately chose to withhold premium compensation. Accordingly, an expanded three-year statute of limitations governs this action.

25.    As a direct result of Defendant's unlawful conduct, Plaintiff and all opt-in collective plaintiffs have suffered substantial economic damages and are entitled to recover: (a) all unpaid overtime wage balances; (b) an equal matching amount as statutory liquidated damages pursuant to 29 U.S.C. § 216(b); (c) mandatory reasonable attorney's fees; and (d) all allowable litigation costs.

**COUNT II — VIOLATION OF THE ARIZONA MINIMUM WAGE ACT**
**(A.R.S. §§ 23-363 et seq.)**
　　**(Individual Claim)**

26.    Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

27.     The Arizona Minimum Wage Act ("AMWA") commands that all employers pay employees at least the prescribed statutory minimum wage rate for every hour actually worked. A.R.S. § 23-363(A). An employer who violates this mandate is liable for unpaid minimum wages, an equal amount in statutory liquidated damages, and civil penalties pursuant to A.R.S. § 23-364.

28.     By misclassifying Plaintiff as exempt and paying him a fixed salary regardless of the actual number of hours worked, Defendant caused Plaintiff's effective hourly compensation rate to fall below the Arizona minimum wage during each workweek in which Plaintiff worked in excess of forty (40) hours. When Plaintiff's fixed weekly salary is divided by the total number of hours actually worked in a given workweek, the resulting effective hourly rate dropped below the statutory minimum prescribed by A.R.S. § 23-363(A) for those weeks in which Plaintiff worked approximately sixty (60) or more hours.

29.     Specifically, during the period from on or about January 8, 2023 through July 24, 2024, Plaintiff routinely worked approximately sixty (60) hours per workweek and, during active campaign periods, regularly exceeded eighty (80) hours per workweek. At those extended hour thresholds, Plaintiff's effective hourly rate fell below the Arizona minimum wage rate in effect during each applicable year, in direct violation of A.R.S. § 23-363(A).

30.     As a direct result of Defendant's violations of the AMWA, Plaintiff is entitled to recover: (a) all unpaid minimum wage balances for each affected workweek; (b) an equal amount in statutory liquidated damages pursuant to A.R.S. § 23-364(A); (c) civil penalties as provided by A.R.S. § 23-364; and (d) mandatory reasonable attorney's fees and costs pursuant to A.R.S. § 23-364(G).

**COUNT III — VIOLATION OF THE ARIZONA WAGE PAYMENT ACT (A.R.S. §§ 23-350 et seq.)**

- 15 -

**(Individual Claim for Breach of Agreed Wage Terms)**

31.     Plaintiff incorporates by reference all preceding paragraphs of this Complaint.

32.     Under the Arizona Wage Payment Act ("AWPA"), every employer conducting business operations in Arizona must timely pay all regular wages due to an employee on designated, recurring semi-monthly paydays. A.R.S. § 23-351.

33.     "Wages" are defined under Arizona law to mean nondiscretionary compensation due to an employee for labor or services rendered, including overtime compensation, when the employer has explicitly agreed to provide or has historically accepted such production services. A.R.S. § 23-350(7).

34.     Defendant routinely accepted, encouraged, and relied upon the extended overtime hours logged by Plaintiff, and through written performance evaluations and step salary increases, contractually agreed to compensate Plaintiff for his expanded production output, yet subsequently withheld the regular wages due for those extended hours.

35.     Defendant's systematic refusal to compensate Plaintiff for his verified production labor was executed with full knowledge of the digital audit trails and did not stem from any legitimate, good-faith legal dispute. Pursuant to A.R.S. § 23-355, because Defendant withheld wages in the absence of a good-faith dispute, Plaintiff is entitled to recover judgment against Defendant for statutory treble damages (three times the total amount of the unpaid wage balance).

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff John A. Fabricius, II respectfully prays that this Court enter judgment in his favor and against Defendant Dream.Org, granting the following relief:

A. An Order conditionally certifying this action as an FLSA collective action under 29 U.S.C. § 216(b), and authorizing the immediate issuance of court-supervised notice to all similarly situated potential collective members letting them opt into this lawsuit;

B. Judgment awarding Plaintiff and all opt-in plaintiffs their full calculated unpaid overtime wage balances under 29 U.S.C. § 207(a);

C. An award of statutory liquidated damages equal to the total unpaid overtime wage balances pursuant to 29 U.S.C. § 216(b);

D. In the alternative, an award of statutory treble damages under A.R.S. § 23-355 for all state wage balances withheld in the absence of a good-faith dispute;

E. In the alternative, an award of unpaid minimum wages and an equal amount in statutory double damages pursuant to A.R.S. § 23-364;

F. An award of civil penalties against Defendant as provided by A.R.S. § 23-364;

G. An award of pre-judgment interest at the statutory rate of 10% per annum pursuant to A.R.S. § 44-1201, and post-judgment interest at the maximum rate allowed by law;

H. An award of mandatory reasonable attorney's fees and all litigation costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(G); and

I. Such other and further relief as the Court deems just and proper.

## DECLARATION UNDER PENALTY OF PERJURY

I, John A. Fabricius, II, hereby declare under penalty of perjury under the laws of the United States of America that I am the Plaintiff in the within action, that I have read the foregoing First Amended Complaint, and that all factual representations, operational timelines, and descriptions contained therein are true, accurate, and correct to the best of my personal knowledge, information, and belief.

Executed this 2nd day of June, 2026, in Maricopa County, Arizona.

_____

John A. Fabricius, II
Plaintiff, Pro Se

- 17 -

**AI DISCLOSURE AND RULE 11 CERTIFICATION**

Pursuant to Paragraph 3 of this Court's Order Re: Case Management and AI Disclosure (Doc. 6), Plaintiff discloses that generative artificial intelligence was utilized as a supportive drafting tool in the preparation of this pleading. Plaintiff certifies under Federal Rule of Civil Procedure 11(b) that all factual representations and legal citations have been independently verified by Plaintiff.

_____
John A. Fabricius, II
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of June, 2026, I electronically transmitted the foregoing First Amended Complaint through the District of Arizona's CM/ECF platform, which automatically generates and delivers automated service notification via email to Defendant's counsel of record listed below:

Michael R. Ayers, Esq. (mayers@grsm.com)
Christopher Lund, Esq. (tlund@grsm.com)
Gordon Rees Scully Mansukhani, LLP
300 S. Fourth Street, Suite 1550
Las Vegas, Nevada 89101
Attorneys for Defendant

_____
John A. Fabricius, II
Plaintiff, Pro Se

**EXHIBIT B**

John A. Fabricius, II
2615 E. Greenway Rd. #27
Phoenix, AZ 85032
(602) 527-3742
johnfabriciusiii@gmail.com
Plaintiff, Pro Se

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

**JOHN A. FABRICIUS, II,**

        Plaintiff,

vs

DREAM.ORG,

        Defendant.

Case No. CV-26-00211-PHX-DJH

**FIRST AMENDED COMPLAINT
COMPARISON DOCUMENT LISTING
CHANGES, ADDITIONS,
AND REMOVALS**

### I. INTRODUCTION

1. [AMENDED] This is a civil enforcement action brought individually and collectively to recover uncompensated overtime wages, liquidated damages, statutory treble damages, civil penalties, and reasonable attorney's fees arising from Defendant Dream.Org's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the Arizona Minimum Wage Act ("AMWA"), A.R.S. §§ 23-363 et seq., and the Arizona Wage Payment Act ("AWPA"), A.R.S. §§ 23-350 et seq.

2. [AMENDED] Plaintiff was employed by Defendant from April 12, 2022 through July 24, 2024. Defendant misclassified Plaintiff as an "exempt" employee to avoid overtime

premiums, despite Plaintiff performing non-exempt, production-based work under two to three levels of active supervision, with no authority to hire, fire, or discipline any employee, and no independent authority to release any work product or execute any digital campaign send.

3. [NEW PARAGRAPH INSERTED] This action is also brought as a collective action under 29 U.S.C. § 216(b) on behalf of Plaintiff and all similarly situated current and former Dream.Org employees who were misclassified as exempt during the applicable limitations period.

## IV. COLLECTIVE ACTION ALLEGATIONS [NEW SECTION INSERTED]

8-10. [NEW SECTION] Plaintiff brings this action as a collective action under 29 U.S.C. § 216(b) on behalf of himself and all persons employed by Dream.Org and classified as exempt from overtime at any time during the three years preceding this filing. Defendant applied a uniform policy of classifying non-executive employees as exempt without conducting individualized primary duty analyses as required by 29 C.F.R. Part 541. Based upon information and belief, Named Potential Collective Members include but are not limited to: J.H., E.M., V.S., A.C., A.U., B.M., B.S., G.E., H.C., I.D., J.J., M.O., M.R., R.W., B.D., D.M., D.F., E.N., I.S., J.B., M.H., M.M. Jr., and Y.S.

## V. FACTUAL ALLEGATIONS

11-12. [AMENDED] Positions, titles, and hierarchical structures text remains matching to original file with clarified operational supervisor links to Engagement and Justice departments.

14. [NEW PARAGRAPH ADDED] Dream.Org policy and procedure required the Email Manager, Andrew Milton, not Plaintiff, to log in, review, approve, and schedule the

final send for every email campaign Plaintiff built. Plaintiff lacked independent send authority, directly dismantling any assertion of operational administrative discretion under 29 C.F.R. § 541.200.

18-19. [NEW SUBSECTION ADDED — CLASSIFICATION WITHOUT INDIVIDUALIZED ANALYSIS] Specifying executive roles of John Payne (CFO), Rachel King (Chief People Officer), and Danielle Davis (Sr. Director of People & Resources) in constructing and executing the uniform exemption scheme without job duty evaluation logs or obtaining formal legal advice.

**VI. CLAIMS FOR RELIEF**

COUNT I — FLSA (29 U.S.C. § 207) [AMENDED to adjust exemption construction standards pursuant to Encino Motorcars, LLC v. Navarro, 584 U.S. 79 (2018) and formalize structural elements tracking 3-year statutory willfulness windows.]

COUNT II — ARIZONA MINIMUM WAGE ACT (A.R.S. §§ 23-363 et seq.) [SUBSTANTIALLY AMENDED to add factual allegations establishing that Plaintiff's effective hourly rate fell below the Arizona minimum wage during overtime workweeks, that Defendant's misclassification directly caused this underpayment, and specifying entitlement to statutory double damages and civil penalties under A.R.S. § 23-364. New paragraphs 28-30 detail the effective hourly rate calculation, identify the affected workweek periods, and specify the damages sought.]

COUNT III — ARIZONA WAGE PAYMENT ACT (A.R.S. §§ 23-350 et seq.) [AMENDED to supplement factual claims linking uncompensated labor to an agreed contractual performance baseline, establishing right to statutory treble damages in the absence of a bona fide good-faith dispute.]

## VII. PRAYER FOR RELIEF

[AMENDED to add "in the alternative" language for Prayer items D and E, clarifying that A.R.S. § 23-355 treble damages and A.R.S. § 23-364 double damages are pleaded in the alternative to avoid any double-recovery concern. Added Prayer item I for such other and further relief as the Court deems just and proper.]

Respectfully submitted this 2nd day of June, 2026.

_____

John A. Fabricius, II
Plaintiff, Pro Se

## AI DISCLOSURE AND RULE 11 CERTIFICATION

[AMENDED to reflect updated filing date and expanded verification of all factual allegations and legal citations in the supplemented pleading.]

_____

John A. Fabricius, II
Plaintiff, Pro Se

**EXHIBIT C**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **JOHN A. FABRICIUS, II,** | Case No. CV-26-00211-PHX-DJH |
| Plaintiff, | |
| | **[PROPOSED] ORDER GRANTING LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| vs. | |
| **DREAM.ORG,** | |
| Defendant. | |

Before the Court is Plaintiff John A. Fabricius, II's Motion for Leave to File First Amended Complaint, filed pursuant to Federal Rule of Civil Procedure 15(a)(2) and Local Rule of Civil Practice 15.1. The Court having reviewed and considered the Motion, any responses or arguments submitted by the parties, the underlying record, and the governing framework of applicable law, and finding that justice requires granting such leave,

IT IS ORDERED that Plaintiff's Motion for Leave to File First Amended Complaint is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court shall separate and formalize the upload of the clean copy of the First Amended Complaint, currently attached as Exhibit A to the Motion, and file it as a distinct docket entry within fourteen (14) days from the date of this Order.

IT IS FURTHER ORDERED that upon its entry by the Clerk, the First Amended Complaint shall become the operative pleading in this matter, completely superseding the original Complaint (Doc. 1) in its entirety.

IT IS FURTHER ORDERED that Defendant Dream.Org shall file an answer or alternative responsive pleading to the First Amended Complaint within fourteen (14) days from the date of electronic service of the newly docketed operative pleading, or within the time provided by the Federal Rules of Civil Procedure, whichever is later.