MICHAEL R. AYERS, ESQ.
Arizona Bar No. 024318
CHRISTOPHER LUND, ESQ.
Arizona Bar No. 040554
GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Suite 1550
Las Vegas, Nevada 89101
Telephone: (702) 577-9300
Facsimile: (702) 255-2858
Email: mayers@grsm.com
        tlund@grsm.com

*Attorneys for Defendant*
*DREAM.ORG*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| John A. Fabricius, II, | Case No.: CV26-00211-PHX-DJH |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT DREAM.ORG'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| DREAM.ORG, | |
| Defendant. | |

Defendant, DREAM.ORG ("Defendant"), by and through its counsel of record, Michael R. Ayers, Esq., and Christopher Lund, Esq., of GORDON REES SCULLY MANSUKHANI, LLP hereby submits this Opposition to Plaintiff's Motion for Leave to File First Amended Complaint (the "Opposition").

This Opposition is made and based on the proceeding Declaration of Christopher Lund, Esq., the accompanying Memorandum of Points and Authorities, all records and papers on file in this matter, and any oral argument as may be requested by this honorable Court.

DATED this 16th day of June, 2026.

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Christopher Lund*
Christoopher Lund, Esq.

-1-

**DECLARATION OF CHRISTOPHER LUND, ESQ.**

I, Christopher Lund, Esq., under the penalty of perjury declare as follows:

1.    I am over the age of 18 years old and have personal knowledge of the facts stated herein, except for those stated upon information and belief, and as to those, I believe those to be true. I am competent to testify as to the facts stated herein in a court of law and will so testify if called upon.

2.    I am an attorney duly licensed to practice law in the State of Arizona and a partner of the Reno, Nevada office of Gordon Rees Scully Mansukhani, LLP. In this matter, I represent the interests of Defendant DREAM.ORG. I provide this declaration in support of the Opposition to Plaintiff's Motion for Leave to File First Amended Complaint.

3.    On May 26, 2026, I virtually met with Plaintiff to conduct a required Case Management Meeting. During our meeting, we discussed certain required topics, two of which were: Topic 5 - Additional Parties Expected, and Topic 6 - List of Contemplated Motions. In response to these questions, Plaintiff stated he did not intend to add any new parties and the only contemplated motion he had was one for summary judgment.

4.    After the Case Management Meeting, my office prepared a Joint Case Management Report ("JCMR"). The JCMR was reviewed and approved by Plaintiff and filed with the Court on May 28, 2026. The JCMR confirmed Plaintiff's responses to Topics 5 and 6. *See* Dkt. 14 at p. 2.

5.    Two business days later, on June 1, 2026, Plaintiff filed his Motion for Leave to File First Amended Complaint.

6.    At no point prior to Plaintiff filing his Motion for Leave to File First Amended Complaint did Plaintiff confer with me about his intention to file the same.

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

Dated this 16th day of June, 2026.

*/s/ Christopher Lund*
Christopher Lund, Esq.

GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Suite 1550
Las Vegas, NV 89101

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND BACKGROUND

John Fabricius, a pro se plaintiff ("Plaintiff"), filed this lawsuit on January 14, 2026, asserting claims arising from his employment with Defendant. *See* Dkt. 1. Defendant answered Plaintiff's Complaint on April 3, 2026. *See* Dkt. 11. That same day, the Court issued an Order Setting Rule 16 Scheduling Conference, wherein the Court instructed Plaintiff to initiate a Rule 26(f) case management meet and confer meeting at least twenty-one (21) days prior to the June 4th Rule 16 Scheduling Conference. *See* Dkt. 13. After Defendant noticed and held the Rule 26(f) conference on May 26, 2026, and after the parties submitted their JCMR on May 28, 2026, Plaintiff then filed the subject Motion for Leave to File First Amended Complaint (the "Motion") without conferral with Defendant and in contrast of his admitted intentions at the case management conference. Plaintiff's Motion is brought in bad faith and should be denied.

First, Plaintiff's proposed First Amended Complaint expands the case from an individual overtime dispute into a collective action, alleging a companywide policy of misclassifying non-executive digital campaigning staff as exempt and identifying specific decisionmakers responsible for that policy. However, Plaintiff has not shown the alleged members' consent to the collective action, and Plaintiff cannot represent a collective as a pro se plaintiff.

Second, Plaintiff's proposed First Amended Complaint appears to add more factual allegations about Plaintiff's day-to-day lack of discretion (including ActionKit "send" restrictions) to support his misclassification theory. It also refines the Arizona wage claims and requested remedies and updates the prayer for relief to seek conditional collective certification while pleading state-law damages in the alternative to avoid double recovery. Plaintiff has not proven that these additional allegations were not known at the time of filing the suit and attempts to use Defendants' Answer as support for the additional allegations, which is not proper. Plaintiff's Motion appears to be an attempt at undue delay and brought in bad faith. Accordingly, the Motion should be denied.

/ / /

/ / /

/ / /

**GORDON REES SCULLY MANSUKHANI, LLP**
300 South Fourth Street, Suite 1550
Las Vegas, NV 89101

## II.    LEGAL ARGUMENT

### A.    Plaintiff's Proposed First Amended Complaint Attempts to Improperly Bring a Collective Action

Plaintiff cannot bring a collective action on behalf of the employees referenced in his proposed First Amended Complaint because he is a pro se litigant and he does not have the consent of those employees, nor the permission of the Court, to bring a collective action.

First, a pro se plaintiff may not pursue claims in a representative capacity on behalf of others. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (2008) (finding that because 28 U.S.C. § 1654 limits pro se authorization to conducting "their own cases personally," a litigant who is representing the interests of others cannot be viewed as a "party" conducting their "own case" within the meaning of the statute); *see also O'Connor v. Soul Surgery LLC*, No. CV-22-00156-PHX, 2022 WL 4017408, at *5 (D. Ariz., Sept. 2, 2022) (holding that a plaintiff cannot bring a collective action claim under the FLSA in a pro se capacity).

Second, under the Fair Labor Standards Act of 1938 ("FLSA"), no employee shall be a party plaintiff unless that employee gives written consent to join and files that consent with the court. *See* 29 U.S.C. § 216(b). While the FLSA has a collective action provision that authorizes an action to recover unpaid wages or overtime compensation to be maintained against any employer "by any one or more employees for and in (sic) behalf of himself or themselves and other employees similarly situated," the Ninth Circuit has distinguished this provision to be a strictly "opt-in" mechanism. *Id.*; *see also Campbell v. City of Los Angeles*, 903 F.3d 1090, 1105 (9th Cir. 2018) (distinguishing Congress's intent to control and limit representative actions with the FLSA's "opt-in" requirement from the "opt-out" basis of Rule 23).

Here, Plaintiff is representing himself pro se. In his proposed First Amended Complaint, Plaintiff attempts to bring a collective action "on behalf of himself and a similarly situated class." *See* Dkt. 17 at p. 10. As of the date of this Opposition, no written consent has been filed with the Court from any member of Plaintiff's purported class. Since Plaintiff is appearing pro se in this action, he cannot as a matter of law represent the interests of others under a collective action. Furthermore, since written consent from the alleged collective members have not been received

GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Suite 1550
Las Vegas, NV 89101

and approved by the Court, the collective action cannot proceed.

Accordingly, the revisions in Plaintiff's proposed First Amended Complaint that relate to bringing a collective action under 29 U.S.C. § 216(b) should be denied.

### B. Plaintiff's Motion to Amend his Complaint is Made in Bad Faith and causes Undue Prejudice to Defendant

Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave when justice so requires." The Supreme Court has identified the factors courts should consider when leave to file an amended complaint is sought: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies, (4) undue prejudice to the opposing party, and (5) futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Although the standard in the Ninth Circuit is one of "extreme liberality," prejudice to the opposing party remains the "touchstone" of the inquiry. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003). Undue delay and lack of diligence also weigh against amendment, particularly where the facts were known at the outset and the movant offers no adequate explanation for the delay. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987). Leave should likewise be denied where the amendment would be futile because it cannot cure the legal deficiencies of the claims. *Foman*, 371 U.S. at 182. While the third factor plays no role in this inquiry, the remaining factors weigh in favor of Defendant.

First, Plaintiff knew the alleged facts he now seeks to add at the outset yet offered no explanation for omitting them from his original pleading. This demonstrates undue delay as, if granted, the Motion and First Amended Complaint would further delay discovery and resolve of this matter. Further, this behavior of delay has been consistent with Plaintiff's pattern of litigation as he failed to initiate the required Rule 26(f) conference.

Second, Plaintiff's conduct reflects bad faith and a dilatory motive. After affirmatively representing at the Case Management Meeting that he did not intend to add parties and that his only contemplated motion was for summary judgment, and after approving the JCMR repeating those representations, he nonetheless filed a motion to amend without conferring with Defense counsel. Furthermore, Plaintiff's reference to portions of Defendant's Answer in his proposed First

Amended Complaint is improper in form because it creates a circular argument and support of allegations, and it further demonstrates Plaintiff's dilatory motive for amendment. *See e.g.* Dkt. 17, p. 11 at ¶ 11.

As to the fourth factor, the amendment would unduly prejudice Defendant even at this early stage because Defendant had to bring this Opposition and will be required to respond to the First Amended Complaint, which appears effectively futile, which goes to the fifth factor, because the First Amended Complaint would have little substantive change after the improper proposed revisions are removed.

Accordingly, because the *Foman* factors weigh in favor of Defendant, Plaintiff's Motion should be denied.

## III.    CONCLUSION

Based upon the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion for Leave to file First Amended Complaint.

### ARTIFICIAL INTELLIGENCE DISCLOSURE

The undersigned certifies that artificial intelligence was used in the finalization of this filing. Specifically, Thomson Reuter's "CoCounsel" was used to secondarily verify all case law citations. The undersigned has independently verified the accuracy of all citations and legal standards contained herein.

Dated this 16th day of June, 2026.

**GORDON REES SCULLY
MANSUKHANI, LLP**

*/s/ Christopher Lund*

Michael R. Ayers, Esq.
Arizona Bar No. 024318
Christopher Lund, Esq.
Arizona Bar No. 040554
300 South Fourth Street, Suite 1550
Las Vegas, Nevada 89101
*Attorneys for Defendant DREAM.ORG*

**GORDON REES SCULLY MANSUKHANI, LLP**
300 South Fourth Street, Suite 1550
Las Vegas, NV 89101

**GORDON REES SCULLY MANSUKHANI, LLP**
300 South Fourth Street, Suite 1550
Las Vegas, NV 89101

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 16, 2026, a true and correct copy of the foregoing DEFENDANT DREAM.ORG'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT was electronically filed with the Clerk of the Court using the CM/ECF system, which will provide notice to all parties of record:

JOHN A. FABRICIUS
2615 E. Greenway Rd, #27
Phoenix, AZ 85032
Plaintiff – Pro Se
Email: johnfabriciusiii@gmail.com

*/s/ Tammy Kassen*
An Employee of GORDON REES
SCULLY MANSUKHANI, LLP

-7-