John A. Fabricius, II
2615 E. Greenway Rd. #27
Phoenix, AZ 85032
(602) 527-3742
johnfabriciusiii@gmail.com
Plaintiff Pro Se

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| JOHN A. FABRICIUS, II,<br><br>       Plaintiff,<br><br>v.<br><br><br><br>DREAM.ORG,<br><br>       Defendant. | Case No. CV-26-00211-PHX-DJH<br><br><br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

Plaintiff John A. Fabricius, II ("Plaintiff"), appearing pro se, respectfully submits this Reply in Support of Plaintiff's Motion for Leave to File First Amended Complaint.

## I. INTRODUCTION

Defendant's Opposition largely avoids the governing Rule 15 standard and instead focuses primarily on procedural rhetoric concerning Plaintiff's participation in the Rule 26(f) process and speculative arguments regarding future collective-action procedure.

- 1 -

This case remains in its earliest procedural stage. No Rule 16 scheduling order has been entered. No discovery cutoff exists. No depositions have occurred. No expert deadlines have been established. No dispositive motion deadlines have been set. No trial date has been scheduled.

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely granted when justice so requires. The Ninth Circuit applies Rule 15 with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Defendant fails to identify meaningful prejudice sufficient to overcome Rule 15's liberal amendment standard. Accordingly, the Motion should be granted.

## II. DEFENDANT IDENTIFIES NO MEANINGFUL PREJUDICE

Prejudice is the "touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Defendant identifies no actual litigation prejudice resulting from amendment. Defendant does not contend:

- evidence has been lost,
- witnesses have become unavailable,
- discovery must be duplicated,
- deadlines will be disrupted,
- trial preparation has been impaired,
- or Defendant cannot adequately respond to the proposed amended allegations.

Instead, Defendant argues primarily that it was required to file an Opposition and would be required to answer an amended pleading. Such ordinary litigation obligations do not constitute legal prejudice sufficient to deny amendment under Rule 15.

Importantly, this litigation remains at an exceptionally early procedural stage. Courts routinely permit amendment under substantially more advanced circumstances than those present here.

## III. NO RULE REQUIRED PLAINTIFF TO MEET AND CONFER PRIOR TO FILING THE MOTION

Defendant repeatedly suggests procedural impropriety based upon Plaintiff's failure to confer prior to filing the Motion. However, neither the Federal Rules of Civil Procedure nor the Local Rules of Civil Procedure for the District of Arizona impose a mandatory meet-and-confer requirement for motions seeking leave to amend under Rule 15.

Federal Rule of Civil Procedure 15(a)(2) contains no conferral requirement.

Likewise, LRCiv 15.1 requires only that the moving party attach: (1) a copy of the proposed amended pleading, and (2) a version indicating how the proposed amended pleading differs from the operative pleading.

Plaintiff complied with those requirements.

Defendant cites no rule violated by Plaintiff because none exists.

## IV. DEFENDANT'S BAD-FAITH ARGUMENT FAILS

Defendant argues Plaintiff acted in bad faith because Plaintiff did not previously disclose an intent to amend during the Rule 26(f) process.

That argument is unsupported.

At the time of the parties' Rule 26(f) discussions and Joint Case Management Report, Plaintiff had not yet fully developed certain legal theories and factual clarifications later reflected in the proposed amended pleading.

Following the Rule 26(f) conference and Defendant's filing of its Answer, Plaintiff continued researching issues implicated by Defendant's asserted defenses and the applicable statutory framework. That continued review led Plaintiff to refine and clarify allegations concerning workflow restrictions, approval structures, similarly situated employees, and the alleged classification practices at issue.

That is precisely the purpose of Rule 15 amendment during the early stages of litigation. Plaintiff acted promptly after further developing these issues and filed the Motion before any scheduling order or meaningful discovery deadlines had been established.

Plaintiff did not intentionally withhold information from Defendant during the Rule 26(f) process, nor did Plaintiff engage in gamesmanship or dilatory conduct.

Defendant further argues Plaintiff improperly referenced portions of Defendant's Answer in the proposed amended pleading. However, parties routinely reference admissions, denials, and affirmative allegations contained in opposing pleadings to clarify factual disputes and frame issues for litigation. Defendant cites no authority prohibiting such references.

Defendant's conclusory assertions of "bad faith" and "dilatory motive" are unsupported by evidence and insufficient to overcome Rule 15's liberal amendment standard.

**V. DEFENDANT'S COLLECTIVE-ACTION ARGUMENTS ARE PREMATURE**

Defendant devotes substantial portions of its Opposition to arguments concerning collective-action procedure under 29 U.S.C. § 216(b).

However, Plaintiff's Motion does not seek conditional certification of a collective action at this time.

Rather, Plaintiff seeks leave to amend his pleading to include allegations concerning similarly situated employees and the alleged classification structure at issue.

Questions regarding:

- conditional certification,
- opt-in procedure,
- representative status,
- and collective-action management

are not presently before the Court.

Accordingly, Defendant's arguments concerning future collective-action procedure are premature and do not provide a basis to deny amendment under Rule 15.

## VI. DEFENDANT DOES NOT MEANINGFULLY ADDRESS THE SUBSTANCE OF THE AMENDMENT

Defendant does not meaningfully challenge the substantive sufficiency of Plaintiff's proposed amended allegations.

Indeed, Defendant acknowledges that the proposed amendment:

- adds factual allegations concerning workflow restrictions,
- clarifies allegations concerning approval structures,
- refines Plaintiff's wage claims,
- identifies alleged decisionmakers,
- and more specifically articulates Plaintiff's theory of misclassification.

Those are precisely the types of clarifying amendments Rule 15 is designed to permit.

## VII. THE FOMAN FACTORS FAVOR AMENDMENT

The Supreme Court identified the relevant considerations governing Rule 15 amendment in *Foman v. Davis*, 371 U.S. 178, 182 (1962), including:

- undue delay,
- bad faith,
- repeated failure to cure deficiencies,
- undue prejudice,
- and futility.

Those factors favor amendment here.

There has been no undue delay. Plaintiff moved to amend at the earliest stage of litigation before entry of a scheduling order and before discovery substantially commenced.

There is no repeated failure to cure deficiencies because this is Plaintiff's first requested amendment.

Defendant fails to establish bad faith for the reasons discussed above.

Defendant likewise fails to establish undue prejudice.

Finally, Defendant does not meaningfully establish futility because Defendant does not substantively analyze the sufficiency of Plaintiff's proposed amended claims under any Rule 12 standard.

## VIII.    CONCLUSION

Plaintiff's Motion was filed at the outset of litigation. Defendant identifies no meaningful prejudice, no violated procedural rule, and no substantive futility sufficient to overcome Rule 15's liberal amendment standard.

Accordingly, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Leave to File First Amended Complaint.

RESPECTFULLY SUBMITTED this 21st day of June, 2026.


John A. Fabricius, II
Plaintiff, Pro Se

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of June, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide electronic notice to all counsel of record.

_____
John A. Fabricius, II

**ARTIFICIAL INTELLIGENCE DISCLOSURE**

Plaintiff used artificial intelligence tools to assist with formatting, grammar review, organizational structure, and legal research regarding Federal Rule of Civil Procedure 15, applicable District of Arizona Local Rules, and cited legal authorities. Plaintiff independently reviewed and finalized the contents of this filing.

_____
John A. Fabricius, II