John A. Fabricius, II
2615 E. Greenway Rd. #27
Phoenix, AZ 85032
(602) 527-3742
johnfabriciusiii@gmail.com
Plaintiff Pro Se

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| JOHN A. FABRICIUS, II,<br><br>    Plaintiff,<br><br>v.<br><br>DREAM.ORG,<br><br>    Defendant. | Case No. CV-26-00211-PHX-DJH<br><br>**PLAINTIFF'S MOTION FOR RECONSIDERATION AND CLARIFICATION OF ORAL RULING** |

Plaintiff John Fabricius respectfully moves the Court for limited reconsideration and clarification regarding the Court's oral ruling issued during the June 25, 2026 hearing concerning the Fair Labor Standards Act ("FLSA") collective action allegations contained within Plaintiff's Amended Complaint.

This Motion is brought pursuant to LRCiv 7.2(g) and is narrowly directed toward clarification of the procedural scope of the Court's oral ruling concerning 29 U.S.C. § 216(b).

Plaintiff fully acknowledges the Court's concern regarding non-attorney representation of third parties and does not seek authority to represent absent individuals in a legal capacity. Plaintiff proceeds solely on his own behalf.

However, Plaintiff respectfully submits that the opt-in statutory framework established by 29 U.S.C. § 216(b) materially differs from Rule 23 representative class litigation in several important respects.

Under § 216(b), similarly situated employees are not automatically represented, included, or bound by the proceedings. Rather, any employee seeking participation must affirmatively opt into the action through written consent filed with the Court. Upon filing such consent, the opt-in employee becomes an individual party plaintiff appearing on his or her own behalf.

Plaintiff's request was therefore not intended to seek authority to litigate claims on behalf of absent persons, but rather to preserve the statutory mechanism permitting similarly situated employees to independently determine whether to appear individually as party plaintiffs pursuant to § 216(b).

Plaintiff respectfully seeks clarification as to whether the Court's oral ruling:

(1) struck the collective allegations entirely with prejudice,

(2) denied only Plaintiff's ability to proceed in a representative capacity while pro se, or

(3) otherwise left open the possibility of future § 216(b) proceedings upon appearance of counsel or individual opt-in plaintiffs.

This distinction materially affects case administration, preservation of claims, statute-of-limitations considerations, and the procedural rights of potential opt-in plaintiffs.

Plaintiff further notes that the proposed collective is limited in size and scope. Based upon Plaintiff's present understanding, the number of potentially similarly situated employees is likely limited to approximately ten to fifteen individuals nationwide who were allegedly subject to substantially similar compensation classifications, supervisory structures, and operational policies.

Plaintiff additionally submits that judicial economy favors consolidated adjudication of substantially identical wage-and-hour claims where practicable. Requiring multiple substantially identical actions risks duplicative proceedings, inconsistent adjudications, unnecessary expense to the parties, and inefficient use of judicial resources.

Plaintiff does not seek appointment as counsel for any other individual and does not seek authority to prosecute claims on behalf of absent persons in a representative legal capacity.

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) clarify the scope and intended effect of the June 25, 2026 oral ruling concerning Plaintiff's § 216(b) collective allegations;

(2) reconsider the ruling to the limited extent necessary to preserve the statutory opt-in framework established under 29 U.S.C. § 216(b); and

(3) grant such further relief as the Court deems proper.

**RESPECTFULLY SUBMITTED** this 29th day of June 2026

John A. Fabricius, II
Plaintiff, Pro Se

**CERTIFICATE OF SERVICE**

I certify that on this 29th day of June 2026, I served a true and correct copy of the foregoing document on all parties entitled to service by **[CM/ECF]**

John A. Fabricius, II
Plaintiff Pro Se

**CERTIFICATION REGARDING USE OF ARTIFICIAL INTELLIGENCE**

Plaintiff certifies that artificial intelligence tools were utilized for limited research assistance, formatting assistance, editing assistance, and drafting support in the preparation of this filing.

Plaintiff further certifies that all legal arguments, factual representations, citations, and assertions contained herein were reviewed by Plaintiff prior to filing and that Plaintiff accepts full responsibility for the contents of this submission.

Dated: 29th day of June 2026.

John Fabricius
Plaintiff Pro Se

- 4 -

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| John Fabricius, | Case No. CV-26-00211-PHX-DJH |
| Plaintiff, | ORDER |
| v. | |
| Dream.Org, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Reconsideration regarding the Court's prior ruling dismissing or denying Plaintiff's collective action allegations under the Fair Labor Standards Act ("FLSA"). Having considered the Motion, the record, and good cause appearing,

IT IS ORDERED that Plaintiff's Motion for Reconsideration is GRANTED.

IT IS FURTHER ORDERED that Plaintiff may proceed with allegations seeking conditional certification and notice procedures under 29 U.S.C. § 216(b), without prejudice to Defendants' ability to challenge certification at the appropriate stage of litigation following discovery.

IT IS FURTHER ORDERED that Plaintiff shall file the operative amended pleading within

_____ days of entry of this Order.

DATED this _____ day of _____, 2026.

_____
United States District Judge