John A. Fabricius, II

2615 E. Greenway Rd. #27

Phoenix, AZ 85032

(602) 527-3742

johnfabriciusiii@gmail.com

Plaintiff, Pro Se

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

|  |  |
|---|---|
| **JOHN A. FABRICIUS, II,** | Case No. CV-26-00211-PHX-DJH |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | (Jury Trial Demanded) |
| **DREAM.ORG,** | |
| Defendant. | |

**I.   INTRODUCTION**

1.    This is a civil action for unpaid overtime wages, liquidated damages, treble damages, and related relief arising from Defendant Dream.Org's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., the Arizona Minimum Wage Act, A.R.S. §§ 23-363 et seq., and the Arizona Wage Payment Act, A.R.S. §§ 23-350 et seq.

2.    Plaintiff was employed by Defendant from April 12, 2022 through July 24, 2024. Defendant misclassified Plaintiff as an "exempt" employee to avoid overtime premiums, despite Plaintiff performing non-exempt, production-based work under two to three

levels of active supervision, with no authority to hire, fire, or discipline any employee, and no independent authority to release any work product or execute any digital campaign send.

## II.  JURISDICTION AND VENUE

3.    This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1337. Supplemental jurisdiction over state claims exists under 28 U.S.C. § 1367.

4.    Venue is proper under 28 U.S.C. § 1391(b). Plaintiff resided and worked in Phoenix, Arizona, and a substantial part of the events giving rise to these claims occurred in this District.

## III.  PARTIES

5.    Plaintiff John A. Fabricius, II is an individual residing in Phoenix, Arizona.

6.    Defendant Dream.Org (f/k/a Dream Corps) is a California nonprofit corporation, principal place of business in Oakland, California. At all relevant times, Defendant was an enterprise engaged in commerce with annual gross volume exceeding $500,000. 29 U.S.C. § 203(s)(1).

## IV.  FACTUAL ALLEGATIONS

### A.  Plaintiff's Position and Titles

7.      Plaintiff was hired as a "Digital Campaigner" and classified as exempt beginning April 12, 2022. Beginning in or around October 2022, Plaintiff also held the title "Arizona State Campaign Lead." Defendant's Answer (Doc. 11, ¶ 7) characterizes this role as a "volunteer position," confirming it was collateral and non-managerial.

8.      Plaintiff reported to Elizebeth (Liz) Solorio (Engagement) and Amanda Hall (Justice), who directed his work and approved or rejected his output on a continuous basis.

### B.  Plaintiff's Actual Primary Duties Were Non-Exempt

9.      Plaintiff's actual primary duties were production-based and entirely management-directed: (a) creating and editing digital content under strict supervisory language requirements; (b) facilitating assigned classes and running data reports; (c) executing mobilization tactics assigned by the Engagement and Justice Departments; and (d) building and submitting campaigns for multi-level approval before any release.

10.     Plaintiff exercised no independent discretion on any matter of significance. Every work product was subject to review by two to three supervision levels. Plaintiff lacked final authority to release content, bind the organization, or make any policy decision.

11.    Plaintiff had no authority to hire, fire, promote, demote, formally discipline, or determine compensation for any Dream.Org employee.

12.    Dream.Org policy and proceudure required the Email Manager, Andrew Milton, not Plaintiff, to log in, review, approve, and schdule the final send for every email campaign Plaintiff built. Plaintiff lacked independent send authority.

C.    **Defendant's Actual Knowledge of Overtime Hours**

13.    Beginning on or about January 8, 2023, Plaintiff routinely worked approximately sixty (60) hours per week. During campaign weeks, advocacy events, and required travel, Plaintiff routinely worked in excess of eighty (80) hours per week.

14.    Defendant had actual contemporaneous knowledge of these hours. Defendant required Plaintiff to use Slack, Google Workspace, and Asana — creating a complete digital timestamp record of work activity during nights, weekends, and pre-dawn hours.

15.    Defendant's supervisors received and responded to messages sent before 8:00 a.m. and after 6:00 p.m. on countless occasions. Culture Amp 360-degree evaluations contain written supervisory statements documenting Plaintiff's exceptional workload. Despite this knowledge, Defendant took no steps to pay overtime.

16.    Defendant rewarded Plaintiff with salary increases in 2023 and March 2024 reflecting expanded production, while still refusing to pay overtime.

## D. Classification Without Individualized Analysis

17. Based upon information and belief, John Payne (CFO) oversaw Dream.Org's compensation structure. Rachel King (Head of People Operations) and Danielle Davis (Sr. Director of People & Resources) implemented and maintained the classification policy.

18. Dream.Org classified Plaintiff as exempt without any written individualized primary duty analysis under 29 C.F.R. §§ 541.100, 541.200, or 541.300. No written legal opinion was obtained before or during Plaintiff's employment.

## V. COUNT I — WILLFUL VIOLATION OF THE FLSA (29 U.S.C. § 207)

### (Individual Claim)

19. Plaintiff incorporates all preceding paragraphs.

20. Defendant is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A), with annual gross volume exceeding $500,000.

21. Defendant failed to pay Plaintiff overtime at one and one-half times his regular rate for all hours in excess of forty (40) per workweek, in violation of 29 U.S.C. § 207(a)(1).

22. Defendant's claimed exemptions do not apply. All FLSA exemptions are narrowly construed against the employer. Arnold v. Ben Kanowsky, Inc., 361 U.S. 388 (1960).

23. Defendant's violation was willful. 29 U.S.C. § 255(a); McLaughlin v. Richland Shoe Co., 486 U.S. 128 (1988). A three-year limitations period applies. Defendant monitored Plaintiff's digital work daily yet persisted in the exempt classification.

24. Plaintiff is entitled to: (a) unpaid overtime wages; (b) equal liquidated damages under 29 U.S.C. § 216(b); (c) mandatory attorney's fees and costs; and (d) such other relief as the Court deems just.

## VI.  COUNT II — ARIZONA MINIMUM WAGE ACT (A.R.S. §§ 23-363 et seq.)

### (Individual Claim)

25. Plaintiff incorporates all preceding paragraphs. The Arizona Minimum Wage Act requires payment of the applicable Arizona minimum wage for all hours worked. A.R.S. § 23-363(A). Defendant failed to pay Plaintiff minimum wages for all hours actually worked. Pursuant to A.R.S. § 23-364, Plaintiff is entitled to unpaid wages, an equal additional amount as damages, civil penalties, and mandatory attorney's fees.

## VII.  COUNT III — ARIZONA WAGE PAYMENT ACT / TREBLE DAMAGES

### (A.R.S. §§ 23-350 et seq. and 23-355 — Individual Claim)

26. Plaintiff incorporates all preceding paragraphs. "Wages" includes overtime compensation. A.R.S. § 23-350(7). Defendant failed to pay overtime within Arizona's required timeframes. Defendant's failure was not the result of a good-faith dispute — Defendant knowingly accepted the benefit of Plaintiff's overtime labor with full

knowledge of the digital timestamp records establishing his hours. Pursuant to A.R.S. § 23-355, Plaintiff is entitled to recover treble (three times) the amount of unpaid wages.

## VIII.   PRAYER FOR RELIEF

A.     All unpaid overtime wages;

B.     Liquidated damages equal to unpaid overtime wages under 29 U.S.C. § 216(b);

C.     Treble damages under A.R.S. § 23-355 (in the alternative);

D.     Civil penalties and double damages under A.R.S. § 23-364;

E.     Pre-judgment interest at 10% per annum under A.R.S. § 44-1201;

F.     Post-judgment interest as allowed by law;

G.     Attorney's fees and costs under 29 U.S.C. § 216(b) and A.R.S. § 23-364(G);

H.     Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable. Fed. R. Civ. P. 38(b); U.S. Const. amend. VII.

## DECLARATION UNDER PENALTY OF PERJURY

I, John Fabricius, declare under penalty of perjury under the laws of the United States of America that the foregoing Complaint is true and correct to the best of my knowledge, information, and belief.

Executed this 29th day of June 2026, in Maricopa County, Arizona.

Respectfully submitted,

_____

John A. Fabricius, II
Plaintiff, Pro Se
2615 E. Greenway Rd. #27
Phoenix, AZ 85032
(602) 527-3742
johnfabriciusiii@gmail.com

## AI DISCLOSURE AND RULE 11 CERTIFICATION

Pursuant to this Court's Order (Doc. 6), Plaintiff discloses that generative artificial intelligence was used in preparation of this document. Plaintiff certifies under FRCP 11(b) that all factual representations and legal citations have been independently verified by Plaintiff.

## CERTIFICATE OF SERVICE

I certify that on this 31st day of May 2026, I served a true and correct copy of the foregoing via the Court's CM/ECF system, providing notice to counsel for Defendant:

> Michael R. Ayers, Esq. | Christopher Lund, Esq.
> Gordon Rees Scully Mansukhani, LLP
> 300 S. Fourth Street, Suite 1550 | Las Vegas, Nevada 89101
> mayers@grsm.com | tlund@grsm.com

_____

John A. Fabricius, II