**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John A Fabricius, II, | No. CV-26-00211-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Dream.Org, | |
| Defendant. | |

On June 30, 2026, *pro se* Plaintiff John A Fabricius, II ("Plaintiff") filed a Motion for Reconsideration and Clarification (Doc. 27) of the Court's Order on his Motion to Amend the Complaint and a Motion for Extension of Time to File Amended Complaint (Doc. 29).

The Court will address Plaintiff's Motion for Reconsideration first.  During the June 25, 2026, Rule 16 Scheduling Conference, the Court partially granted and partially denied Plaintiff's Motion to Amend (Doc. 17).  While allowing Plaintiff to proceed with his newly added factual assertions, the Court denied Plaintiff leave to amend to add a collective action claim under 29 U.S.C. § 216(b) because a *pro se* plaintiff is unable to act in a representative capacity on behalf of others.  Plaintiff now seeks reconsideration of this ruling, arguing that "the opt-in statutory framework established by 29 U.S.C. § 216(b) materially differs from Rule 23 representative class litigation" in that an "opt-in employee becomes an individual party plaintiff appearing on his or her own behalf."  (Doc. 27 at 2).  Having considered Plaintiff's arguments, the Court will deny Plaintiff's Motion for

Reconsideration.

The FLSA provides a mechanism – the "collective action" – through which workers can sue jointly for violations of its overtime compensation and other provisions. *See* 29 U.S.C. § 216(b). The collective action thus allows a representative plaintiff to bring suit on behalf of a group of workers who are "similarly situated," *see id.*, and thereby serves to (1) reduce the burden on plaintiffs through the pooling of resources, and (2) make efficient use of judicial resources by resolving common issues of law and fact together. *See Hoffman-La Rouche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Notwithstanding the differences between a class and collective action, a *pro se* plaintiff is unable to maintain either action because to do so would require a *pro se* plaintiff to act in a representative capacity. *See Morgovsky v. AdBrite, Inc.*, 2012 WL 1595105, at *4 (N.D. Cal. 2012); *Davis v. Johnson*, 2016 WL 3360568, at *3 (N.D. Ga. 2016) ("The FLSA has its own collective action procedures, to which Rule 23 does not apply. Nevertheless, individuals who 'opt in' to an FLSA collective action generally are represented by the named plaintiff's counsel, and courts have an 'equitable interest' in making certain that there is adequate representation for opt-in plaintiffs.") (internal citations omitted).

The Ninth Circuit "adhere[s] to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *see also Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir.1997) ("While a non-attorney may appear pro se on his own behalf, he has no authority to appear as an attorney for others than himself."). Here, because Plaintiff is a *pro se* litigant, he cannot pursue claims on behalf of other Dream.Org employees in a representative capacity. *See O'Connor v. Soul Surgery LLC*, 2022 WL 4017408, at *5 (D. Ariz. 2022) (dismissing pro se plaintiff's attempt to bring an FLSA collective action); *Morgovsky*, 2012 WL 1595105, at *4 (same); *Koch v. CHS Inc.*, 2012 WL 6093891, at *2 (D. Idaho 2012) (same). Therefore, Plaintiff's Motion for Reconsideration is denied.[1]

---

[1] This denial is without prejudice. Should Plaintiff acquire representation, his attorney may file the appropriate motion with the Court.

- 2 -

The Court will grant Plaintiff's Motion for Extension of Time to Amend Complaint. Plaintiff was originally ordered to file his amended complaint by June 29, 2026, but did not do so.  Instead, he filed his Amended Complaint and Motion to Extend on June 30, 2026.  (*See* Docs. 28 &29).  Plaintiff's one-day delay is reasonable under the present circumstances and has caused no prejudice to the parties or the Court.[2]

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration and Clarification (Doc. 27) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to File Amended Complaint (Doc. 29) is **GRANTED**.  Plaintiff's Amended Complaint (Doc. 28) shall be considered timely filed.

Dated this 1st day of July, 2026.

Honorable Diane J. Humetewa
United States District Judge

---

[2] In the future, any requested extension of time "whether by motion or stipulation, must state the position of each other party."  LRCiv. 7.3(b).  The Court may summarily strike any request that is not compliant with the Local Rules.

- 3 -